W. D. TAYLOR ET AL. v. ELIZABETH PRIDGEN ET AL.

(No. 1863.)

ERROR from Houston County. Opinion by WILLSON, J.

J. M. MAXCY, counsel for plaintiffs in error.

DENNY & ALDRICH and J. R. BURNETT, counsel for defendants in error.

§ 89. *Citation must issue to county of defendant's residence; case stated.* On November 22, 1881, Lucy Wright and Elizabeth Pridgen, joined by her husband, R. S. Pridgen, recovered a judgment in the county court of Houston county against A. E., W. D., W. W. and Ira B. Taylor, Ada Farrar, J. W. and Rebecca Bostick, for $772.50 and costs. An execution issued upon this judgment in June, 1882, but no part of said judgment was collected or paid except the sum of $16.50, which was appropriated to the payment of costs. On November 13, 1882, said judgment and the entire record in the cause were destroyed by fire. June 2, 1883, the defendants in error, plaintiffs in said judgment, instituted this suit against defendants in error, defendants in said judgment, alleging the recovery of said judgment; that the same was a valid, subsisting and unpaid judgment; and its destruction by fire, and praying for another judgment against said defendants for the amount of the original judgment, less the sum which had been paid thereon, etc. Defendants failing to answer, a judgment by default was rendered against them in favor of Elizabeth Pridgen alone, for the sum prayed for in the petition. The petition alleged the residence of the defendants J. W.

and Rebecca Bostick to be in Washington county, Texas, but citations issued to Austin county for them, and were served upon them by the sheriff of the last named county. No supplemental or amended pleading was filed by plaintiffs alleging the residence of said Bosticks to be in Austin county. *Held:* Said citations were issued without authority of law, and the service thereof cannot support the judgment by default rendered against said Bosticks. [W. & W. Con. Rep. §§ 52, 322.]

§ 90. *Citation; service of; certified copy of petition must be delivered defendant, when.* Citation for the defendant Ira B. Taylor was sent to and served in Parker county, but the return of service does not show that a certified copy of the plaintiffs' petition was delivered to said defendant. Said defendant being a non-resident of the county in which the suit was pending, the statute imperatively requires that he should not only have delivered to him a true copy of the citation, but also a certified copy of the plaintiffs' petition. [R. S. arts. 1219, 1220.] The service, as shown by the return, was invalid, and cannot support the judgment by default against said defendant.

§ 91. *Judgment by default, erroneous as to some defendants, must be reversed as to all.* The judgment by default, being erroneous as to three of the defendants, must be reversed not only as to them, but as to the other defendants also. [Burleson v. Henderson, 4 Tex. 49; Wood v. Smith, 11 Tex. 367.]

§ 92. *Judgment; substitution of, when destroyed.* It is well settled that without the aid of any statute, when a judgment has been lost or destroyed, an action may be maintained upon it. [Freeman on Judgments, §§ 407, 432*b*.] There is no good reason why this action should be held not maintainable. Whilst our statute provides a simple and efficient procedure to restore a lost or destroyed record, such procedure is not exclusive of any other, but is cumulative merely to that sanctioned by the common law. [2 W. Con. Rep. § 735.] The fact that

the judgment upon which the action is founded is not dormant does not impair the right to sue upon and establish it as a record.

§ **93.** *Judgment should dispose of the rights of all the parties to the suit; when rendered in favor of wife, should be in favor of husband also.* It was error to render the judgment in favor of Elizabeth Pridgen alone. Her husband was a party, and a necessary party, to the suit, and the judgment should have been in his favor also. Lucy B. Wright was also a party plaintiff, and yet the judgment is silent as to her. Although she was but a nominal party to the suit, still the judgment should in some way have disposed of the case as to her.

January 27, 1886.    Reversed and remanded.