CONNELL CONSTRUCTION COMPANY v. PHIL DOR
PLAZA CORPORATION

No. A-6414. Decided January 29, 1958.
Rehearing overruled March 12, 1958.
(310 S.W. 2d Series 311)

*Pat Reed,* of Dallas, for petitioner, Connell Construction Corporation.

The Court of Civil Appeals erred in holding that appellee is entitled to have its complaint against the judgment considered, and in remanding the entire case to the trial court, even though appellee filed no appeal bond. Royton v. Phillips, 246 S.W. 2d 223, Refused, no reversible error; Traders Natl. Bank v. Price, 288 S.W. 160, Com. of App.; Fulweiler v. Daniel, 279 S.W. 603, no writ error.

*Morris I. Jaffee,* and *Jay S. Fichtner,* both of Dallas, for respondent Phil Dor Plaza Corporation.

The Court of Civil Appeals erred in holding that property owner was not entitled to recover liquidated damages for delay in completion of the building, because said court substituted its findings for those of the trial court. Collier v. Betterton, 87 Texas 467, 29 S.W. 469; Renfro Drug Co. v. Lewis, 149 Texas 506, 235 S.W. 2d 609; Wright v. King, 17 S.W. 2d 98, error refused.

MR. CHIEF JUSTICE HICKMAN delivered the opinion of the Court.

Our statement of the case will be substantially in the language of the Court of Civil Appeals. The petitioner will be referred to as the contractor, and the respondent as the owner.

The suit grew out of a contract for the construction of a building. The contract was prepared in accordance with the standard form of agreement approved by the Associated General Contractors of America. It provided, among other things, for the supervision of the work by an Architect therein specified and for liquidated damages of $25.00 per day in the event the work should not be completed within 100 days (or by February 25, 1955). During the progress of the work the contractor furnished certain extra materials and performed certain extra work, and in due time filed a mechanic's lien to secure payment for them. The owner defaulted in payment for the extra materials and work, and thereupon, contractor sued to recover the same in the sum of $2801.14. The owner answered the suit with a general denial, and by way of cross action it sought to recover liquidated damages of $25.00 per day in the sum of $1100.00 on account of contractor's delay of 44 days in the completion of the contract.

The case was tried before the court without a jury and resulted in judgment of $2782.12 in favor of the contractor and $1100.00 in favor of the owner on its cross action. Both parties to the judgment excepted and gave notice of appeal. The contractor perfected an appeal from the judgment by filing an appeal bond within the time required by law, but the owner did not file an appeal bond, although in its brief in the Court of Civil Appeals it complained by cross points of the action of the trial court in rendering judgment against it.

The Court of Civil Appeals reversed the judgment of the trial court in favor of the owner for $1100.00 as liquidated damages for the delay of the contractor in completing the building, and remanded the case to the trial court for a determination of a reasonable time, in addition to the time allowed by the original contract, required for the completion of the extra work. The court also remanded the judgment in favor of the contractor for extras, on the ground that it could not be severed from the other portion of the judgment, but did not pass upon the owner's counter points directed at that portion of the judgment. 302 S.W. 2d 724.

Both parties filed applications for writs of error, which were granted. The owner complains of the action of the Court of Civil Appeals in reversing that portion of the judgment awarding it liquidated damages, and the contractor complains of the action of the Court of Civil Appeals reversing that portion of the judgment awarding it compensation for extras.

■ We agree with the holding of the Court of Civil Appeals that the trial court erred in rendering judgment against the contractor for $1100.00 as liquidated damages. The contract provided:

"The work to be performed under this Contract shall be commenced within forty-eight (48) hours after Owner has cleared the lot and shall be substantially completed within one hundred (100) calendar days from the above starting date. An extension of time will be allowed the Contractor for delays caused by inclement weather or other acts of God, providing the extension is requested by the Contractor in writing within seven (7) days of each occurrence. Otherwise, the Owner may retain the $25.00 daily liquidated damages as provided in the Proposal and Specifications."

It will be observed that the obligation of the contractor was

to complete all work "under this contract" within the stipulated time. The extra work performed by the contractor was not work "under the contract." Had the work contracted for been completed within 100 calendar days, and thereafter extra work was performed, it would doubtless not be contended that the contractor was liable for liquidated damages based on the number of days required to complete the extra work. As regards the right to liquidated damages, we can perceive no distinction between extra work performed after the completion of the work specified in the contract and that performed in the course of the construction before the work specified in the contract is completed.

■ The trial court should determine upon another trial what reasonable time should be allowed the contractor on account of the extras ordered by the owner. Wright v. King, 17 S.W. 2d 98, er. ref. In 152 A.L.R., p. 1349 et seq., many cases dealing with this question are cited and discussed. Those cases support the conclusion of the annotator announced on page 1355 in this language: ·

"Where the other party prolongs the work by causing the contractor to perform work in addition to that called for in the contract, the contractor is not responsible for the excess time so caused, even though he tacitly acquiesces in the increased undertaking."

■ The requirement of the contract that a request for extension of time be in writing has no application, for it applies by its terms only to delays caused by inclement weather or other acts of God and only to extensions involving the work to be performed under the contract.

■ The owner claims that since no findings of fact or conclusions of law were requested or filed, we should presume that the trial court found as a fact that no additional time was required for performing the extra work. That contention might be sustained if the issue of what would have been a reasonable time had been before the court, but the evidence does not disclose that such an issue was before the court. We cannot, therefore, presume that the court passed on it and found that no additional time was reasonable.

Coming now to a consideration of the application of the contractor, we do not agree with that portion of the judgment of the Court of Civil Appeals reversing and remanding the trial

court's judgment in favor of it for extras. In 3B Texas Jurisprudence, pages 157-58, this rule is laid down:

"The right to present cross-points or assignments is subject to some qualifications. When an appellant appeals from a part, only of a severable judgment, the appellee will not be heard to complain of any matters falling wholly within the portion of the judgment not brought up for review by the appellant. In such case it is incumbent upon the appellee to prosecute his own appeal from the portion of the judgment adverse to him. So also, where one did not apply for a writ of error and complaint of a separable part of the judgment of the Court of Civil Appeals against him, that part is not before the Supreme Court for review."

That statement of the rule is supported by many authorities cited in the footnotes to the text, including Barnsdall Oil Co. v. Hubbard, 130 Texas 476, 109 S.W. 2d 960, and Maxwell v. Harrell, 183 S.W. 2d 577, error refused, want of merit; to which we add Routon v. Phillips, 246 S.W. 2d 223, error refused, no reversible error.

The Court of Civil Appeals recognized that the question was not entirely free from doubt, but concluded that under the authority of Dallas Electric Supply Co. v. Branum Co., 143 Texas 366, 185 S.W. 2d 427, the appeal by the contractor brought up the entire case. We cannot agree that that case supports the ruling of the Court of Civil Appeals. No attempt was made therein to appeal from only a portion of the judgment. In fact, the judgment did not consist of severable parts. The issues joined in the case had to do with a proper disposition of a fund deposited in the registry of the court, each party claiming the whole of it. We quote from our opinion in that case.

"* * * This rule of practice, which does away with the necessity for prosecuting two appeals from the same judgment and bringing up two records, is well founded and should not be departed from except in cases where the judgment is definitely severable and appellant strictly limits the scope of his appeal to a severable portion thereof. The judgment in this case is not one of that nature and the appellant's appeal brought the whole of it to the Court of Civil Appeals. Accordingly, we overrule the points under consideration."

■ In the instant case the issues of the liability of the owner for extras and the liability of the contractor for liquidated dam-

ages are definitely and distinctly severable. The case is not one in which the contractor is suing for an unpaid balance of the contract price, with the owner countering with a claim for liquidated damages for delay which, by the terms of the contract, it could withhold from the contract price. It is not a case involving the right to an offset against the value of extras, but is two separate lawsuits — one for extras and one for liquidated damages for delay. Either party could be awarded judgment in one suit without affecting the other suit. The owner was awarded affirmative relief,—not an offset against the contractor's claim.

There is no question but that the contractor definitely limited its appeal to that portion of the judgment rendered against it for liquidated damages. It was careful in its appeal bond to do so. It was not necessary for it to limit the scope when it gave notice of appeal in the trial court at the conclusion of the trial. Neely v. Tarrant County, 132 Texas 357, 124 S.W. 2d 101. Rule 353, Texas Rules of Civil Procedure, provides two methods of giving notice of appeal — one in open court noted on the docket or embodied in the judgment or order overruling the motion for new trial or other minute of the court, and the other by filing such notice with the Clerk within ten days after the judgment or order overruling the motion for new trial is rendered. If the second method is employed, and it is desired to appeal only from a designated portion of the judgment, that fact should be recited in the notice. The notice given in the instant case was in open court, and not by a writing filed with the Clerk. There is no requirement that in order to limit the appeal to a designated portion of the judgment, the appealing party must designate in his notice of appeal given in open court that he appeals from only a portion of the judgment.

Our conclusion is that the contractor definitely limited its appeal to that portion of the judgment awarding the owner liquidated damages in the sum of $1100.00, that that portion of the judgment was distinctly severable from the portion awarding it a recovery for the value of the extras, and that, therefore, the owner, not having perfected an appeal, cannot be heard to complain of the judgment against it for extras.

Accordingly, it is ordered that the judgment of the Court of Civil Appeals in so far as it reversed the judgment of the trial court awarding the owner liquidated damages be affirmed, but in so far as that judgment reversed the trial court's judgment awarding the contractor damages for extras, it must be be reversed, and the trial court's judgment be not disturbed.

Judgment of the Court of Civil Appeals affirmed in part and reversed in part.

Opinion delivered January 29, 1958.

Rehearing overruled March 12, 1958.