**A. F. VOGT, Appellant,**

v.

**Charles B. JONES, Appellee.**

No. 16666.

Court of Civil Appeals of Texas.

Fort Worth.

Oct. 15, 1965.

Pannell, Hooper, Steves & Kerry, and Winfred Hooper, Jr., Fort Worth, for appellant.

Garrett & Garrett, and Rufus Garrett, Jr., Fort Worth, for appellee.

MASSEY, Chief Justice.

By this appeal A. F. Vogt complains because he was unsuccessful in obtaining judgment sought below against Charles B. Jones. It was from a take nothing judgment that he appealed.

Judgment affirmed.

The cause of action sued upon was actually one which in many respects would be proper to consider as though it was a suit by the Tarrant County Water Control and Improvement District No. 1, hereinafter referred to as to the Water District. The Water District had entered into a dirt removal and construction contract with Jones, whereby the latter as "dirt contractor" obligated himself to perform certain earthenwork activities, on land acquired by the Water District pursuant to preparation of an "overflow spillway" at Eagle Mountain Lake.

In another contract, upon valid consideration entered into between the Water District and Vogt, the former purportedly assigned, unimpaired, to Vogt its rights existent in the contingent provision for the payment of liquidated damages in the event

Jones failed to complete certain work within a specified time. Neither party to this assignment contract placed Jones on notice of the fact thereof until after the occurrence of the events upon which Vogt predicated his suit against Jones.

We believe that the law applicable to the situation posed by the appeal is well stated in Restatement of the Law, Contracts, Ch. 7, "Assignment of Rights and Delegation of Duties or Conditions", Sec. 167, "Defenses and Set-offs to Which an Assignee's Right Is Subject", as follows:

"(1) An assignee's right against the obligor is subject to all limitations of the obligee's right, to all absolute and temporary defenses thereto, and to all set-offs and counterclaims of the obligor which would have been available against the obligee had there been no assignment, provided that such defenses and set-offs are based on facts existing at the time of the assignment, or are based on facts arising thereafter prior to knowledge of the assignment by the obligor."

The liquidated damages for which the contract provided were to become due and owing by Jones to the Water District in the event the work in completion of Phase One of the entire contract was not fully performed by a certain date. In proceeding to discharge his duties under his contract with the Water District, Jones at all times treated it as the sole obligee. The delay in completion of Phase One was by agreement with the very individual or official designated by the Water District to have authority to authorize delays; indeed the delay was caused and occasioned upon the direction and recommendation of such person. He directed that Jones give priority to work under another phase of the total work project contemplated by the contract, leaving undone a material act of performance necessarily incident to conclude Phase One until the very last part of the performance period specified by the entire contract, as amended and extended.

Since the Water District was itself responsible for the delay in Jones' completion of Phase One of the contract it would, of course, be unable to impose the liability for any payment of liquidated damages on account of the delay. As assignee Vogt would likewise be unable to impose such liability on Jones. See Connell Construction Co. v. Phil Dor Plaza Corporation, 158 Tex. 262, 310 S.W.2d 311 (1958); 152 A.L.R. 1349, Anno.: "Liability of building or construction contractor for liquidated damages for breach of time limit where work is delayed by contractee or third person".

By his point of error No. 6 Vogt complains and asserts error in the conduct of the trial in that the court, over objection, admitted such evidence establishing Jones' excuse for his delay in completing Phase One. Trial was before the court without a jury. It is true that Jones went to trial on a general denial, only. Vogt contends that the evidence should not have been received on trial, nor considered in support of the judgment, because predicate therefor was not founded in Jones' pleadings.

The record fails to support point of error No. 6. The objection to which Vogt refers had relation to testimony concerning action taken by Jones upon the request of Vogt. There was no evidence that said action extended the time necessary to perform the whole or any part of the construction contract. There is evidence, unchallenged, that it would have shortened the period necessary to complete the work. We hold that the objection did not extend to the evidence in the record which established that the delay of which Vogt complains was caused and occasioned by the individual or official designated to have authority to authorize such. There was no objection interposed when such evidence was tendered by Jones. The "running bill of exceptions" given Vogt when Jones was allowed to introduce evidence upon action taken at Vogt's request did not extend to and include action occasioned by anyone other than Vogt. The point of error is overruled.

Other points of error are advanced. However, whether overruled or sustained none could have the effect of requiring reversal of the judgment below. The points are overruled as immaterial to the appeal.

Judgment is affirmed.