**SECURITY LUMBER COMPANY, Inc.,**
et al., Appellant,

v.

**WEIGHARD CONSTRUCTION COMPANY**
et al., Appellees.

No. 7784.

Court of Civil Appeals of Texas.

Texarkana.

March 7, 1967.

Rehearing Denied April 4, 1967.

William Key Wilde, Ronald C. Kline, Bracewell & Patterson, Edgar E. Townes, Jr., Townes & Townes, Houston, for appellant.

Sam Dawkins, Jr., Eastham & Meyer, Sam S. Minter, Houston, for appellees.

CHADICK, Chief Justice.

Security Lumber Company, Inc., filed an action for judgment on a sworn account for building material furnished Weighard Construction Company, and used by it in the construction of improvements on three separate parcels of real property, and to foreclose perfected materialman's liens securing payment of the value of the material. Others were joined as defendants, four as guarantors of the material account, and the remaining parties because they claimed an interest in or lien upon the parcels of real property. Four of the defendants in the trial court did not appeal, all other parties have perfected appeals and are appellants in some phase of this appellate action. The pleadings of the defendants, the facts proved and the judgment rendered will be mentioned when necessary to clarify the issues discussed.

### The Appeal of Security Lumber Company, Inc.

The first material furnished by Security to Weighard Construction Company was delivered to job sites at each of the three separate lots on March 7, 28, and April 3, 1961. University Savings & Loan Association's deed of trust liens on the several lots were filed April 6, 1961. Thereafter more material was furnished by the lumber company to the construction company and delivered to the job sites April 29, May 15, and May 25, 1961. The judgment rendered by the trial court valued the material furnished by Security to Weighard Construc-

tion Company prior to the recordation of the University Savings & Loan Association's deed of trust lien at $2,494.98, and awarded Security judgment therefor and foreclosed Security's materialman's liens securing payment thereof upon the three parcels of real property.

Security Lumber Company Inc.'s written notice of appeal and the recitation in its appeal bond specify that it is appealing "from the judgment of said court rendered in said cause"; however, its brief limits the scope of appeal to the question of priority between its materialman's liens and the building & loan association's deed of trust liens. As appellant, Security Lumber Company Inc.'s position and argument is that "the mechanic's and materialman's liens have their inception from and relate back to the date the lien claimant originally furnishes the first materials to the owners and are superior to any mortgage created thereafter." University Savings & Loan Association counters with the argument "that each * * * delivery of material is a separate and distinct contract, * * * one in a series of contracts, and that the lien for materials furnished is only superior to a recorded deed of trust lien for those materials furnished prior to the recording of the deed of trust."

■ Weighard Construction Company arranged with Security to furnish it building material in an open account for three of its building projects before the work thereon began. The credit arrangement contemplated delivery of the material at the job sites when ordered by Weighard's representative, it may be inferred from subsequent action of the parties, but did not include an agreement specifying the time payment for the material would be made. Unquestionably the over-all contract for building material between the lumber company and the construction company originated at or before the first delivery of material. The arrangement entered into appears to have been intended by the parties to be but one contract for material, with provision that delivery be made as ordered. This interpretation of the agreement as a unified contract is fortified by evidence that the lumber company required the construction company to give security for the payment of the entire material count in the form of guaranty letters executed by third parties, the quotation at the time of the arrangement of prices that would be charged for material when ordered, as well as the fact that delivery was actually made on several separate dates. The material contract and first delivery thereunder predates recordation of the deed of trust liens.

■ Although the facts in Oriental Hotel Company v. Griffiths, 88 Tex. 574, 33 S.W. 652, 30 A.L.R. 765 (1895) disclose it as a case factually unlike the present, yet it significantly determines that liens for labor and material have their inception in the contract therefor. Such reasoning has application here, Security materialman's liens have their inception in the material contract. The materialman's lien is given priority by legislative preference over any lien or encumbrance subsequent in date to the inception of the lien. Vernon's Ann. Tex.Rev.Civ.Stat. art. 5459 (1958). Under the circumstances shown here, if each delivery is construed to be a separate contract, the supplier of building material would hazard loss of his lien priority and his property unless he examined the lien records before each delivery and was governed thereby, regardless of his arrangement with the contractor. It is not probable that the legislature meant to put him at such disadvantage. The trial court judgment subordinating a part of the materialman's lien to the lien of the deed of trust must be revised.

*The Appeal of University Savings & Loan Association, Lewis J. Lewellen and George H. Clark*

■ Weighard Construction Company cross-assigned a point of error presenting for review the action of the trial court

in declining to hold the two year statute of limitation applied in determining priority between the materialman's and deed of trust liens, together with cross-points setting out that such court erred in admitting in evidence delivery receipts Security Lumber Company allegedly received from Weighard Construction Company for the purpose of proving delivery of material and a no evidence point respecting material delivery and use. Security Lumber Company, Inc., moved to strike Weighard's cross-points because University failed to file an appeal bond. University replied that it was not required to file an appeal bond, as Security appealed from the judgment in its entirety and thereby brought the entire controversy to this court for appellate review. It was noted earlier that Security Lumber Company did not limit its appeal to a designated portion of the judgment by a recitation to that effect in its written notice of appeal or in the recitals of its appeal bond, on the contrary such instruments specified an appeal from the entire judgment. Under the circumstances, the motion to strike is not well taken. Connell Construction Company v. Phil Dor Plaza Corporation, 158 Tex. 262, 310 S.W.2d 311 (1958).

◼ The trial court properly declined to apply the two year statute of limitation in determining priority of the liens. Neither the two year statute, Tex.Rev.Civ.Stat.Ann. art. 5526 (1958), nor any other statute limiting the time in which actions may be brought can have application under the pleadings and proof of this case. The materialman's liens in this case, as are liens in all cases, are incidents of and inseparable from the debt the liens secure. Continental State Bank of Big Sandy v. Pepper, 130 Tex. 71, 106 S.W.2d 654 (Comm.App.Op. Adpt.1937) West v. First Baptist Church of Taft, 123 Tex. 388, 71 S.W.2d 1090 (Comm.App.Op.Adpt.1934); Pope v. Beauchamp, 110 Tex. 271, 219 S.W. 447 (1920). Since these materialman's liens are inseparable from the debt, only circumstances that bar collection of the debt can pre-

vent enforcement of the lien. No defense of estoppel or waiver has been suggested by pleading or proof, and it is conceded that the action on the debt was brought within two years from its maturity. The remainder of these appellants' point of error overlap others that will be discussed next.

### The Appeal of Jack C. Westmoreland

The basis of this appeal is the absence of evidence that Jack C. Westmoreland agreed to pay the building material account in controversy, and absence of evidence to support the judgment that Security Lumber Company sold and delivered the building material listed in the account to Weighard Construction Company at prices agreed upon by such parties, or that the material was used in the Weighard Lumber Company projects.

◼ A letter dated January 15, 1961, signed by Jack C. Westmoreland requested Security Lumber Company to sell Weighard Construction Company building material and supplies in consideration of Westmoreland's guaranty that he would pay any account therefor that Weighard Construction Company failed to pay when due. The supplies and material earlier noted were thereafter furnished. The letter was prepared by an employee of Security Lumber Company and by him handed to Thomas Weighard to secure Dr. Westmoreland's signature. Thomas Weighard and Dr. Westmoreland officed in the same building. Some ten minutes after receiving the letter Mr. Weighard returned it to the Security employee with a signature on it purporting to be that of Dr. Westmoreland. Neither by pleading under oath nor by testimony did Dr. Westmoreland deny execution of the guaranty letter. Referring to the Westmoreland letter, the Security employee was permitted to testify without objection: "* * * they have * * * done so by signing these forms here, these guarantees". Considered in connection with other testimony by the witness the quoted

statement could very well be hearsay as to Dr. Westmoreland's execution of the letter, yet it does not affirmatively appear that it is hearsay. The statement was admissible. Strickland Transportation Co. v. Ingram, 403 S.W.2d 192 (Tex.Civ.App.1966, error dism'd); Thorne 18 Baylor L.Rev. 639 (1966); 24 Tex.Jur.2d Evidence § 561 (1961). The record presented contains evidence to support the trial judge's presumed finding that Dr. Westmoreland signed the letter of guaranty.

Under the no evidence points it is asserted that there is no evidence to prove: 1) Security sold Weighard Construction Company building material; 2) delivery of building material; 3) receipt of material by representatives of Weighard Construction Company; 4) the signatures shown on delivery receipts are genuine; 5) the prices charged were agreed upon by Weighard and Security or were customary and reasonable. Security undertook in the trial to prove by its business records that it furnished and delivered material to the three projects and was receipted therefor by Weighard's representative. University Savings & Loan Association, Lewellen and Clark join Westmoreland in asserting that such evidence is not competent to prove these facts.

In addition to evidence showing office procedures and identifying the records in evidence as having been made in the regular course of business, a Security employee testified that he saw much of the material used on the jobs, and that it was invoiced to Weighard Construction Company at prices quoted to the construction company at the time arrangement was made for supplying material. It is impractical to summarize all of the testimony, but it has been carefully considered and appears to support the judgment rendered if the facts in question may be proven by the business records of Security Lumber Company. The next point of error to be considered deals with that question. The point is that the court erred in admitting delivery slips in-

to evidence. No objection was made to a particular slip, the objection ran to the entire exhibit containing numerous slips. The delivery slips were addressed to Weighard Construction Company and signed by someone purporting to have received it as Weighard Construction Company's representative. The material is described in the slips. The slips are admissible under the provisions of Tex.Rev.Civ.Stat.Ann. art. 3737e (1958), as they were shown to be records made in the regular course of business.

### *Disposition of Appeals and Revision of Trial Court Judgment*

Security Lumber Company Inc.'s single point of error raising the question of priority between the materialman's lien and the deed of trust lien is sustained. All other points of error, counter-points, cross-points, and motions of all parties have been considered and the same are overruled. The judgment will be revised to decree Security's materialman's liens prior and superior to the University Savings & Loan Association's deed of trust liens and judgment rendered that appellant, Security Lumber Company, Inc., have foreclosure of its materialman's lien on Lot 22, Block 7, Braeburn Valley, Section 4, an addition in Harris County, Texas, and judgment against appellees, Lewis J. Lewellen and University Savings & Loan Association, jointly and severally for the sum of Four Thousand Nine Hundred Fifteen and 71/100 ($4,915.71) Dollars; that appellant, Security Lumber Company, Inc., have foreclosure of its mechanic's and materialman's lien against Lot 8, Block 4, Braeburn Valley, Section 4, an addition in Harris County, Texas, and judgment against appellee, University Savings & Loan Association for the sum of Two Thousand Twenty-one and 15/100 ($2,021.15) Dollars; and that appellant, Security Lumber Company, Inc., have foreclosure of its materialman's lien against Lot 25, Block 7, Braeburn Valley, Section 4, an addition in Harris County, Texas, and

judgment against appellees, George H. Clark and University Savings & Loan Association, jointly and severally, for the sum of One Thousand Five Hundred Forty-one and ³²⁄₁₀₀ ($1,541.32) Dollars; in other respects the judgment is affirmed.