**Francis J. SAVAGE, Appellant,**

v.

**Jack MURPHY et al., Appellees.**

**Nos. 19393, 17651.**

Court of Civil Appeals of Texas, Dallas.

April 9, 1971.

Rehearing Denied April 30, 1971.

**336**

Richard S. Geiger, Ewing & Geiger, Dallas, for appellant.

Timothy E. Kelley, Thompson, Knight, Simmons & Bullion, Dallas, for appellees.

PER CURIAM.

The appellees have filed a motion to dismiss this appeal because notice of appeal was not given within ten days as required by subdivision (a) of Rule 353, Vernon's Texas Rules of Civil Procedure. The motion must be sustained.

The suit was brought by two insurance companies against the appellant Francis J. Savage and the appellees for damages by reason of fraud. Savage filed a cross action against the appellees. After verdict, judgment was rendered for the plaintiffs and that Savage take nothing by his cross-action. He attempts to appeal only from the latter part of the judgment, as reflected by his notice of appeal and affidavit in lieu of appeal bond.

The judgment was rendered on November 12, 1970, and appellant's notice of appeal was filed on November 24, 1970. Appellant argues that, pursuant to subdivision (c) of Rule 353, T.R.C.P., since his appeal is limited to that part of the judgment denying his cross-action, he had fifteen days in which to give notice of appeal, and that his notice was therefore timely. We do not agree with appellant.

The pertinent portions of Rule 353, T.R.C.P., are as follows:

"(a) An appeal, when allowed by law, may be taken by notice of appeal (1) in open court, noted on the docket or embodied in the judgment, order overruling motion for new trial, or other minute of the court, or (2) filed with the clerk; such notice to be given or filed within ten days after the judgment or order overruling motion for new trial is rendered.

\* \* \* \* \* \*

"(c) No attempt to limit the scope of an appeal shall be effective as to a party adverse to the appellant unless the severable portion of the judgment from which the appeal is taken is designated in a separate notice served upon such adverse party and filed with the clerk within fifteen days after judgment or order overruling motion for new trial is rendered."

We do not construe subsection (c) as giving an appellant an additional five days in which to give notice of appeal merely because he limits his appeal to a portion of the judgment. In our opinion, the "separate notice" mentioned in this subsection refers to a notice, separate and apart from the notice of appeal, notifying the appellee of the appellant's desire to limit the scope of the appeal. The requirement of this separate notice eliminates the necessity of incorporating such limitation

within the notice of appeal itself or in the appeal bond. It puts the appellee on notice that the entire case will not be brought up on appeal unless the appellee desires also to appeal, in which event he would have at least fifteen days in which to file an appeal bond and five days in which to file an affidavit in lieu thereof. Rule 356, T.R. C.P.

Accordingly, the appeal is dismissed and all costs taxed against appellant.

GUITTARD, J., not sitting.