**Wayne A. JOHNSON, Appellant,**

v.

**DOWNING AND WOOTEN CONSTRUC-TION COMPANY et al., Appellees.**

**No. 553.**

Court of Civil Appeals of Texas, Houston (14th Dist.).

April 19, 1972.

Arthur E. Moers, Jr., Houston, for appellant.

Edmond L. Cogburn, Dow, Cogburn & Friedman, Houston, for appellees.

BARRON, Justice.

This is a breach of contract case in which plaintiff-appellant, Wayne A. Johnson, seeks the equitable remedy of specific performance. On February 3, 1969, Johnson and defendant-appellee, Downing and Wooten Construction Company, entered in-

to an earnest money contract whereby Johnson was to purchase from appellee several lots in the Spring Branch Estates Addition. His purpose was to construct a garden-type apartment complex thereon. The price was $83,853.00, payable $20,000.00 at closing and the balance to be represented by a vendor's lien note bearing 7% interest per annum. Defendants named were C. Foster Wooten, Lloyd S. Downing, Downing and Wooten Construction Company and its successor, Downing and Wooten Enterprises, Inc.

Purchaser, Johnson, was to have 60 days to obtain the necessary financing to construct such apartment units. By addendum, dated March 31, 1969, this closing date was extended an additional 30 days. Thereafter, appellee failed to comply with the terms of the contract and attempted return of the earnest money, alleging that Johnson was unable to obtain the necessary financing. This tender was refused, and after futilely attempting to perform under the contract, Johnson filed suit for specific performance and loss of rental value and in the alternative for damages. He later elected to proceed to judgment on the former alternative.

Special issues were submitted to the jury and answered in favor of appellant Johnson. The jury found that Johnson did obtain the "necessary financing"; that Wooten did intentionally relinquish this requirement of "necessary financing", and that $16,700.00 was a fair rental value of the property from April 30, 1969, to date of trial. The judgment, reciting that both appellant's motion for judgment and appellees' motion for judgment non obstante veredicto were sustained in part and denied in part, ordered specific performance of the contract and after allowing an $11,700.-00 offset, granted "damages" of $5,000.00 to appellant. Appellant filed a limited appeal urging three points of error in the trial court's allowing this offset or balance.

We are met at the outset with a motion by appellant Johnson to strike appellees'

ten cross-points of error. Judgment granting specific performance and "damages" for reasonable rental value of $16,700.00 in favor of appellant to be offset by $11,700.00 (7% per annum interest from April 30, 1969, to date of trial) was entered in this cause on June 7, 1971. Pursuant to Tex. R.Civ.P. 353(c), appellant limited his appeal ". . . *from, and only from, that portion of Judgment* of said Court granting/awarding Defendants an offset for interest on the unpaid purchase price against the reasonable rental value of the property . . .", and filed such notice on June 11, 1971. At the bottom of this notice attorney for appellant certified that a copy had been forwarded, by certified mail, return receipt requested, to appellees' attorney, contemporaneously with this filing.

Paragraph (c) of Rule 353, added in 1962, prohibits limitation by appellant of the scope of appeal unless such limitation is designated in a separate notice served upon the adverse party and filed within 15 days after judgment or order overruling a motion for new trial. The general commentary to Rule 353, Tex.R.Civ.P. states that the purpose of such change ". . . *is to insure that the appellee will have notice of the appellant's intention to limit the scope of his appeal,* so that the appellee, if dissatisfied with some other severable portion of the judgment, may also perfect an appeal and avoid the situation in which the appellee was left in Connell Const. Co. v. Phil Dor Plaza Corp., 158 Tex. 262, 310 S. W.2d 311 (1958)." (Emphasis added.)

As pointed out in the Connell case, supra, before the addition of paragraph (c), Rule 353(a) provided and now provides two methods of giving notice of appeal—one in open court noted on the docket or embodied in the judgment or order overruling the motion for new trial or other minutes of the court, and the other by filing notice with the clerk within 10 days after the judgment or order overruling the motion for new trial is rendered. The judgment recites that plaintiff, John-

son, excepted to the judgment and gave notice of appeal. By giving notice of appeal in this manner, appellant has met his first burden (a motion for new trial being unnecessary since that portion of the judgment appealed from was based upon the overruling of a motion for judgment on the verdict in part and the granting in part of a motion for judgment non obstante veredicto. Rule 324, Tex.R.Civ.P.). To effectively limit his appeal, appellant must give notice of such limitation to his adversaries under Rule 353(c) within 15 days. Four days after judgment rendition, appellant filed what he refers to as a "Notice of Appeal In Writing", whereby the appeal was limited, and he certified that a separate copy of same had been sent to appellees. This comports with Rule 353(c), and the purpose of the rule is substantially accomplished.

To go one step further, while the commentary states that "The requirement of a separate notice apparently negatives the practice of incorporating such limitation within the notice of appeal itself or in the appeal bond", this practice is not condemned. As shown in Connell, supra, before the addition in paragraph (c), if one desired to limit his appeal and failed to give notice of such in open court, he must then give such notice by filing it with the clerk. There were no other requirements as now imposed by paragraph (c) which require the bringing of this fact to the attention of appellees. It is now incumbent upon appellant to do so by separate notice. Savage v. Murphy, 466 S.W.2d 335 (Tex.Civ. App.—Dallas 1971, writ ref'd n. r. e); Humble Oil and Refining Co. v. City of Georgetown, 428 S.W.2d 405 (Tex.Civ.App. —Austin 1968, no writ); Gerst v. Guardian Savings and Loan Association, 425 S.W. 2d 382 (Tex.Civ.App.—Austin 1968), Aff'd in part and reversed on other grounds, 434 S.W.2d 113 (Tex.Sup.1968); Harms Marine Service, Inc. v. Swiere, 411 S.W.2d 602 (Tex.Civ.App.—Beaumont 1966, writ ref'd n. r. e.). There is no indication as to what kind of separate notice is required, only

that it be a separate notice to meet the purpose of such paragraph, i. e., to apprise the adversaries of the scope of the appeal. Appellant has accomplished this by timely delivering a copy of his "Notice of Appeal In Writing" to appellees. Appellant's motion to strike is granted and appellees' cross-points are stricken with the possible exception of cross-points 1, 2 and 3 dealing with no evidence, insufficient evidence and overwhelming weight points in regard to the jury's findings of reasonable rental value.

■ Appellees further contend that their ten cross-points of error must be considered when there is an appeal from a judgment upon a motion for judgment non obstante veredicto under Rule 324, Tex.R.Civ.P. While we believe that the court, in effect, was simply balancing equities in this equitable proceeding of specific performance, the only cross-points in any way related to this limited appeal are the first three mentioned above. We will not permit consideration of other cross-points which obviously have no relevance or relation to the appeal as limited. See Connell Construction Co. v. Phil Dor Plaza Corp., supra, 310 S.W.2d at pp. 314–315. We do not believe that Rule 324 under these circumstances provides for or anticipates any such right, nor do we believe that any of the cross-points of appellees have any merit or present reversible error. The first three cross-points will, in any event, be discussed briefly below. Appellees failed to post a cost bond and failed otherwise to perfect an appeal. Compare Security Lumber Co. v. Weighard Construction Co., 413 S.W.2d 745, 747–748 (Tex.Civ.App.—Texarkana 1967), Aff'd 423 S.W.2d 287 (Tex.Sup.1967).

Appellant Johnson's appeal lists three points of error, all of which point out the alleged error of the trial court in allowing an $11,700.00 interest offset against the reasonable rental loss of $16,700.00. The court in enforcing the contract was not specifically awarding damages. It was attempting to balance equities and to equal-

ize any losses occasioned by the delay by offsetting them with money payments in an equitable proceeding of specific performance. "The true rationale of decision in respect of compensation for delay is that the contract is being enforced retrospectively and the equities adjusted accordingly. . . . 'equity looks upon things agreed to be done as actually performed.'" 7 A.L.R.2d 1204, 1207, Annotation—Specific Performance—Delay (1949).

■ As such, it is necessary to discuss the $16,700.00 awarded appellant and the offset of $11,700.00 awarded appellees in order to do equity. The interest above was proven as a matter of law. Consideration of this matter is necessary because of appellant's urging of error in the granting of the offset, not because such was raised by possible improper cross-points. The equities of both parties must be protected in this type of action. Holley v. Hooper, 205 S.W.2d 120 (Tex.Civ.App.—Austin 1947, writ ref'd n. r. e.); Stevens v. Palmour, 269 S.W. 1057, 1061 (Tex.Civ.App.—Waco 1925, no writ); Crossland v. Hart, 234 S.W. 558, 561 (Tex.Civ.App.—Beaumont 1921, no writ). And see Copeland v. Bennett, 243 S.W.2d 264, 271 (Tex.Civ.App.—El Paso 1951, no writ); 52 Tex.Jur. 2d Specific Performance Sec. 154 (1964). Appellant was awarded the equivalent of exclusive possession of the property, as determined by the jury, from April 30, 1969, to date of trial.

■ The jury determined that reasonable compensation to Johnson for lost rental value was $16,700.00. There is evidence to support the jury's finding. Witnesses Weston and DeLorenzo, who qualified as experts, testified the reasonable rental value to be in the area of $16,000.-

00 to $17,000.00 per year. The jury determined that $16,700.00 was the fair amount for the period of time involved considering the testimony and its weight. A jury's answer to a special issue may be disregarded only when it has no support in the evidence or when the issue is immaterial. C. & R. Transport, Inc. v. Campbell, 406 S.W.2d 191 (Tex.Sup.1966). The finding is proper and is sustained. Further, this disposes of appellees' cross-points numbers 1, 2 and 3 if such were proper.

■ Appellant contends error in allowing the offset on grounds that the offset or balancing was the subject of an unfiled compulsory counterclaim, that there were no pleadings to support such an offset, and that error was committed in refusing to grant appellant's entire motion for judgment. The trial court sustained in part and overruled in part the motion for judgment on the verdict. The trial court used the jury's $16,700.00 figure as the reasonable rental value lost as a result of appellees' delay in performing the contract. Appellees could not and were not allowed to recover an amount greater than appellant's recovery, since the jury determined the delay to be the fault of appellees. But in doing equity the court subtracted from the rental loss the interest lost on the money by appellees due to the delay. Equity requires such offset on the authorities cited above with Holley v. Hooper, supra, 205 S.W.2d at p. 123. As such, it is not a compulsory counterclaim nor need it be pleaded, and the trial court's action was proper as an equitable measure. See Burleson v. Burleson, 15 Tex. 423, 429 (Tex.Sup.1855); Crossland v. Hart, supra, 234 S.W. at p. 561.

All points of error are overruled. The judgment of the trial court is affirmed.