## Wood v. Smith.

Where the defendant's motion to quash the citation, on the ground that it did not contain the names of all the parties, was sustained and leave was granted to the Clerk to amend, it was held that the citation was properly quashed, and that the leave to amend was properly granted; but the Clerk having failed to make the amendment, and the judgment being by default, it was held that the judgment was erroneous.

Where only one of several defendants, against whom a judgment has been rendered on an obligation which was joint and not several, appeals or prosecutes a writ of error, a reversal as to the one will operate as a reversal as to all.

It seems to be well established that this Court will reverse a judgment which is void.

Error from Grimes. Smith sued Wood and King, upon their joint promissory note. The citation contained only the name of the defendant Wood. It was served upon Wood only; who appeared and moved to quash the citation, because it did not contain the names of the parties to the suit. The motion was sustained, and leave given to the Clerk to amend. And, thereupon, the defendant Wood failing to make defence, and the defendant King failing to appear, judgment was rendered against both defendants. The defendant Wood prosecuted the writ of error, and assigned as error, the ruling of the Court permitting an amendment of the writ, and the rendition of judgment final by default.

*D. D. Atchison*, for plaintiff in error. The writ being void on the face was properly quashed. (Burleson v. Henderson, 4 Tex. R. 52; 2 Tex. R. 422.) When the citation was quashed, a new citation should have been applied for and obtained. (2 Tex. R. 422.) The parties not being in Court, the judgment against them is manifestly void.

Wheeler, J. The writ was properly quashed, under the

ruling of this Court in the case of Burleson v. Henderson, (4 Tex. R. 49.) And it was also proper for the Court to give leave to amend the writ. · (Cartwright v. Chabert, 3 Tex. R. 261.) But the party does not appear to have availed himself of the leave given. No amendment appears to have been made. And the Court proceeded to give judgment final, when the writ, served upon the defendant, had been quashed, and had not been reinstated by amendment, and he had not appeared, or answered, to the action. This was error.

There was no service upon the defendant King. The judgment is therefore erroneous as to both defendants : one only prosecutes this writ of error; but, as the judgment is upon a joint obligation, and is entire, the reversal will operate as to both defendants. (Burleson v. Henderson, 4 Tex. R. 49.) The judgment is reversed and the cause remanded.

Reversed and remanded.