### WILLIAM W. DICKSON v. A. J. BURKE.

A citation must have been served five clear days before the court in order to compel a defendant to plead at the return term. (Paschal's Dig., Art. 1506, Note 592.)

A judgment by default, when citation had not been served at least five days before the return day, exclusive of the days of service and return, must be reversed.

When the judgment in such a case was a joint judgment against partners, it must be reversed as to both partners, although only one of them prosecutes the writ of error, and although the other, who is not in any way before this court, was served in time.

ERROR from Hill.    The case was tried before Hon. JOHN GREGG, one of the district judges.

It appears by the record that the citation was served upon Ingram, the partner and co-defendant of the plaintiff in error, on the 8th day of October, 1859. All other facts appear in the opinion of the court.

*John Gregg*, for the plaintiff in error.

SMITH, J.—The defendant in error, Burke, instituted this suit upon two promissory notes and a mortgage executed by "Dickson & Ingram," a mercantile firm composed of the said William W. Dickson and George W. Ingram. At the fall term, 1859, of the District Court of Hill county, a joint judgment was rendered against them by default in favor of the defendant for $2,294 84, and the mortgaged property ordered to be sold.

Dickson has brought the case to this court alone by writ of error, his co-defendant, George W. Ingram, in the court below, not joining in the writ, or being before this court in any way.

Dickson assigns as error, that citation was not served on him five days before the return term, excluding the days of service and return.

Citations are, by law, made returnable on the first day of the term of the court after the same is issued, and the defendant is not compelled to plead at the return term unless the citation shall be served at least five days before the first day of the return term, exclusive of the days of service and return.   (O. & W. Dig., Art. 415.)

The citation in this cause was issued against Dickson on the 3d day of October, 1859, and made returnable on the fourth Monday after the third Monday in September, 1859, the first day of the next term of the District Court of the county of Hill, from which it issued; which day was the 17th of October, 1859.   The service of the citation was made on the 12th day of October, 1859, and there being less than the five days' service, exclusive of the days of service and return, there was error in the court rendering judgment by default against the defendant Dickson at that term of the court, and for that the judgment must be reversed.

The judgment having been rendered jointly against the said Dickson & Ingram, the judgment must be also reversed as to Ingram, though he be not before this court by the writ of error or otherwise.   (Willie *et al.* v. Thomas *et al.*, 22 Tex., 175;  4 Id., 59;  11 Id., 367.)

Therefore it is ordered, that the judgment below be reversed as to both William W. Dickson and George W. Ingram, and this cause is remanded below for further proceedings, in conformity with this opinion.

REVERSED AND REMANDED.