## C. C. BRADFORD v. EMZY TAYLOR.

(Case No. 5459.)

**1.** APPEAL — FINAL JUDGMENT. — A judgment was rendered against two defendants in the court below; one appealed, and the judgment was reversed and the cause remanded. The plaintiff below then filed an amended petition setting up the original judgment against the defendant who had not appealed, and asking for judgment against the one who had appealed. While the former was thus retained as a defendant, the judgment made no disposition of the case as to him. *Held*, that the reversal affected both defendants, and that, as the second judgment did not dispose of the case as to the defendant who did not appeal, there was no final judgment on which process could issue or an appeal be prosecuted.

APPEAL from Williamson.    Tried below before the Hon. A. S. Walker.

The opinion states the facts.

*Makemson & Price, F. W. Stratton* and *James H. Robertson*, for appellant, cited: R. S. Tex., art. 1337; Burleson *v.* Henderson, 4 Tex., 49; Wood *v.* Smith, 11 Tex., 367; Willie *v.* Thomas, 22 Tex., 175; Dickson *v.* Burke, 28 Tex., 117; McIlhenny *v.* Lee, 43 Tex., 208; Texas Pleading and Practice, 601; Bradford *v.* Taylor, 61 Tex., 508.

*Fisher & Fisher*, for appellee, cited: Wooters *v.* Smith, 56 Tex., 205; R. S., arts. 1256, 1257, 1258, 1259; Buffum *v.* Ramsdell, 55 Me., 252; Freeman on Judgments, sec. 136; Burleson *v.* Henderson, 4 Tex., 59; Martin *v.* Crow, 28 Tex., 614; Rodrigues *v.* Trevino, 54 Tex., 200; Owens *v.* Mitchell, 33 Tex., 226; Whitaker *v.* Gee, 61 Tex., 217; Ricks *v.* Pinson, 21 Tex., 507; Watson *v.* Newsham, 17 Tex., 438; Guest *v.* Rhine, 16 Tex., 550; Willard *v.* Conduit, 10 Tex., 214; Swift *v.* Faris, 11 Tex., 19; Long *v.* Wortham, 4 Tex., 381; Hall *v.* Jackson, 3 Tex., 305.

STAYTON, ASSOCIATE JUSTICE.— This action was brought by Emzy Taylor against F. L. Jordan and the appellant, C. C. Bradford, April 2, 1883, to recover from them as copartners the amount of certain drafts drawn on the appellee, a banker, by F. L. Jordan.

It was alleged that the sums paid by Taylor on the drafts was a loan to Jordan and Bradford, which they had agreed and promised to repay with interest.

Supplemental petition was filed, but it in no way affected the character of the action.

An attachment was sued out in the case which was levied on a stock of goods that were replevied by Bradford.

At the July term of the court, 1883, a judgment was rendered in favor of the appellee against both Jordan and Bradford, the character of which will be seen from the following extract from it: "Therefore it is ordered, adjudged and decreed that plaintiff Emzy Taylor do have and recover from defendants F. L. Jordan and C. C. Bradford, the sum of $502.03, and all costs of this suit," etc.

The judgment also foreclosed the attachment lien, and went against Bradford and the security on his replevy bond for the value of the attached goods.

From the judgment Bradford alone appealed, and at the last term of this court the judgment of the district court was reversed and the cause remanded.

After the mandate of this court was filed in the court below, the appellee filed an amended petition in which both Jordan and Bradford were retained as defendants.

That amendment set up the former judgment as the cause of action, treating it as a valid and subsisting judgment against Jordan.

The character and purpose of that amendment, as well as the subsequent proceedings under it had in the case, are thus correctly stated by counsel for the appellee:

"At the July term of the district court of Williamson county, plaintiff, by amended original petition, set up the judgment obtained against F. L. Jordan as a valid subsisting judgment against him, and sought to recover the value of the property heretofore attached as the property of Jordan and Bradford from the defendant Bradford by this amended original petition. No personal judgment was sought against Bradford, but the object of it was simply to cancel and annul the pretended sale from Jordan to Bradford of the goods attached, and to subject the property to the payment of the debt.

"No judgment, however, was rendered at this term (July, 1884) against Jordan.

"No personal judgment was rendered against Bradford, but judgment for the value of the property to the amount of $502.03, and permitting him to discharge the judgment by returning and delivering the property, replevied by him, to the sheriff of Williamson county within ten days from date of judgment, etc. From this judgment Bradford now appeals."

It will thus be seen that while Jordan is retained by the amended petition as a defendant in the case, the judgment makes no disposition whatever of the case as to him.

In this state of the case it must be held that there is no final judgment on which process can issue or from which an appeal can be prosecuted; hence this court cannot entertain it, and the case must be stricken from the docket. Martin v. Crow, 28 Tex., 615; Rodrigues v. Trevino, 54 Tex., 201; Linn v. Arambould, 55 Tex., 618; R. R. Co. v. Smith County, 58 Tex., 76; Whitaker v. Gee, 61 Tex., 217.

We deem it proper, however, to say that there is nothing in the pleadings, nor in the former judgment, which can withdraw that judgment from the operation of the general rule under which it has been steadily held, in this state, that the reversal of a judgment against two or more defendants on the appeal of one defendant only will operate as a reversal as to all, if the judgment be entire, operating to the prejudice of all the defendants, and not upon distinct and independent matters in which the several defendants are shown to be separately interested. Burleson v. Henderson, 4 Tex., 59; Wood v. Smith, 11 Tex., 367; Willie v. Thomas, 22 Tex., 176; Dickson v. Burke, 28 Tex., 118; McIlhenny v. Lee, 43 Tex., 210.

These views render it unnecessary to consider other questions presented. Because there is no final judgment the appeal is dismissed.

DISMISSED.

[Opinion delivered May 15, 1885.]