**Hollie G. McCLAIN and Belle Fulton, Appellants,**

v.

**Curtis HICKEY et al., Appellees.**

**No. 7825.**

Court of Civil Appeals of Texas.

Texarkana.

June 27, 1967.

On Motion for Rehearing July 25, 1967.

Second Rehearing Denied Aug. 29, 1967.

Hollie G. McClain, Gilmer, W. C. Hancock, Pittsburg, for appellants.

Fred Whitaker, Bankhead & Davis, Carthage, Wardlow Lane, Center, Kilgore & Kilgore, Dallas, Billy Hunt: Fairchild & Hunt, Center, Joe Jackson, Carthage, Earl Sharp, Longview, for appellees.

CHADICK, Chief Justice.

The several parties to this appeal and their legal counsel appeared for the trial of the merits of this case in the district court. Preliminary to the introduction of evidence, at the court's suggestion, attorneys for the parties entered into settlement negotiations. Reports on the progress of negotiations were made from time to time to the trial judge. Trial of the action was concluded when the trial judge withdrew the case from the jury docket and signed and entered a draft of judgment presented to him by counsel for the parties other than the appellants, Fulton and Mc-Clain. The judgment signed and entered by the trial judge contained among its recitals the following, to-wit:

"* * * and came all parties by and through their respective attorneys of record, and announced to the Court that all matters in controversy herein have been, by the parties, compromised and settled; Whereupon, all parties moved the Court by joint motion, to remove this cause from the jury docket, and enter judgment in this cause in accordance with the agreement of the parties, and the Court having considered such motion, and being of the opinion that said motion should be in all things granted, this cause was removed from the jury docket and judgment is here now entered in accordance with the terms of such agreement of the parties * * *."

The statement of facts shows that neither appellants Fulton and McClain, nor their counsel, were present when the draft of the proposed judgment was submitted to the trial judge, and that neither of such parties nor counsel for either of them joined in the announcement and motion mentioned in the recital quoted and that no settlement agreement entered into by appellants Fulton and McClain, or their attorneys, with the other

parties to the litigation, or their attorneys, was reduced to writing, signed by any party or party's attorney, and filed as a part of the record; nor was such an agreement made in open court and entered of record. However, it is urged in support of the trial court judgment that the draft of the judgment presented to the trial judge and subsequently signed by him, though neither Fulton nor McClain, nor their counsel signed or otherwise noted approval thereof, was a substantial compliance with Tex.R. Civ.P. 11.*

■ In giving effect to the purpose of this rule of procedure the conclusion is obvious that the rule is intended to require the content of an agreement made by parties or attorneys in the course of a judicial proceeding to be preserved by a written memorial signed by those entering into the agreement. The purpose of the rule as stated in Wyss v. Bookman, 235 S.W. 567 (Tex.Com.App.1921), and reaffirmed in Matthews v. Looney, 132 Tex. 313, 123 S.W.2d 871 (Tex.Com.App.1939, opinion adopted), is to remove from the "fallibility of human recollection" agreements made by "counsel in the course of the judicial proceeding which affect the interests of their clients". The rule requires a written and signed memorial of the agreement. This necessarily means that the assent to and details of the agreement be shown by the memorial; otherwise the assent to and content of the agreement might be preserved only in the memory of the persons making it. The purpose of the rule would not be achieved unless a party or a party's attorney signed the agreement. The purpose of the rule coupled with the common understanding that a trial judge is not a party to or an attorney in a case on trial before him, eviscerates the argument that the judge's signature on the judgment

under review gives the instrument the character of a written and signed agreement made in substantial compliance with Rule 11.

■ A consent judgment is treated as a contract between the parties to it. Burnaman v. Heaton, 150 Tex. 333, 240 S.W.2d 288 (1951). The judgment entered in this case divested title out of certain parties, (Fulton and McClain not among them) and awarded title and possession of the tract in controversy to Curtis Hickey, R. H. Lee, Lawrence L. McCrary and Fred Whitaker. One of the counts of the cross action that brought Fulton and McClain into the litigation sought relief by way of an accounting, and as a result of the accounting phase of the case the proceeds of mineral production antecedent to the date of trial were awarded and distributed to named parties in satisfaction of adjudications of recovery particularized in the instrument. No portion of the proceeds derived from prior production was allocated to Fulton and McClain as their share or property, although a part, $59,000.00, of such proceeds was ordered paid to other parties to satisfy a recovery of that sum adjudged against Fulton and McClain. In a separate and different action from this on appeal, but in the same court an undivided mineral interest in the tract from which the mentioned minerals were produced is the subject of a trespass to try title suit between R. H. Lee, Curtis Hickey and Fred Whitaker, as plaintiffs, and Fulton and McClain, as defendants. This separate action was pending in the trial court at the time the judgment under review was entered. The judgment under review, considered as a contract between the parties to it, would constitute an agreement by Fulton and McClain to the allocation and distribution of the proceeds of prior production from the land and such agreement

---

\* "No agreement between attorneys or parties touching any suit pending will be enforced unless it be in writing, signed and filed with the papers as part of the record, or unless it be made in open court and entered of record." The rule's source is former District and County Court's Rule 47; the language of the source rule was adopted unchanged. See Historical Note in 1 Vernon's Texas Rules Annotated, p. 37.

would bar recovery by Fulton and McClain of an interest in the value of the prior mineral production if they successfully defend their titles in the pending trespass to try title suit. The record reveals this state of affairs, and therein shows that affirmance of the judgment under review would be harmful and prejudicial to the rights of Fulton and McClain.

On motion for new trial the trial court was advised by Fulton and McClain that they concurred in and did not question or challenge a stipulation and tender made by San Jacinto Gas Processing Corporation. The judgment of the trial court will be affirmed as to San Jacinto Gas Processing Corporation, and in all other respects judgment is reversed and the cause is remanded for new trial. Costs will be taxed one-fifth to Fulton and McClain, and four-fifths to the other parties, except San Jacinto Gas Processing Corporation, which shall recover all its costs.

## ON MOTION FOR REHEARING

The judgment underlying this appeal adjudicates title to land, confirms an accounting made by certain of the parties and validates a gas purchase contract, settles a receivership and its claims, distributes the entire money proceeds of prior mineral production, awards a recovery as for damages, etc. All such adjudications are the product of the abortive agreement compromising and settling the parties' differences. The judgment is divided into sections dealing with specific matters and in form appears to be severable but the recitation of compromise and settlement therein, the pleadings and the record as a whole show that the adjudications in each section were conditioned one on the other, that is, an adjudication was agreed to on one phase of the litigation because of the adjudication to be made in another phase; compromise and settlement implies a quid pro quo arrangement. The result is that the record does not clearly show, one exception aside, the numerous adjudications are definitely

separable parts of the judgment, and, therefore, severable. In other words, this court cannot with assurance determine, which adjudication, if any, is independent and unconnected with the others. The rule of Bradford v. Taylor, 64 Tex. 169 (1885) is applicable; there it is said:

"We deem it proper, however, to say that there is nothing in the pleadings, nor in the former judgment which can withdraw that judgment from the operation of the general rule under which it has been steadily held, in this state, that the reversal of a judgment against two or more defendants on the appeal of one defendant only will operate as a reversal as to all, if the judgment be entire, operating to the prejudice of all the defendants, and not upon distinct and independent matters in which the several defendants are shown to be separately interested. Burleson v. Henderson, 4 Tex., [49] 59; Wood v. Smith, 11 Tex. 367; Willie v. Thomas, 22 Tex., [175] 176; Dickson v. Burke, 28 Tex., 118; McIlhenny [and Hutchins] v. [M. C.] Lee [and Co.], 43 Tex., [205] 210."

See also 2 Freeman on Judgments, Sec. 167, p. 2418; 4 T.J.2d, Appeal in Error in Civil, Sec. 850 (1959). The adjudication respecting the San Jacinto Gas Processing Corporation is the exception mentioned.

The motion for new trial argues that San Jacinto Gas Processing Corporation's position is identical to the position of Tennessee Gas Transmission Company, another of the parties, and consistent disposition should be made of both parties. The gas processing corporation made a tender and entered into a stipulation agreeable to all parties and was discharged. The judgment pertaining to it appears to be severable and the disposition originally made proper. On the other hand, an existing gas purchase contract between Tennessee Gas Transmission Company and the trustee well operator was validated, confirmed and continued in existence by a specific adjudication. This circumstance, in addition to the

absence of a stipulation agreeable to all parties and a failure of the transmission company to ask for similar relief or to appear in this court by a brief, or otherwise, distinguishes the gas transmission company's position from that of San Jacinto. These differences in the relative positions of these two parties accounts for the different dispositions originally made by this court.

The only motion for rehearing filed herein is that of appellees Curtis Hickey, R. H. Lee, Fred Whitaker and Lawrence L. McCrary. The argument in their motion has attracted attention to a problem that has not heretofore been directly considered by counsel for the parties, or the court; that is the scope of Fulton and McClain's appeal. Fulton and McClain's notice of appeal was directed to the entire judgment, but, the appeal bond filed by these parties, in the part pertaining to this question, is as follows, to-wit:

"WHEREAS, in the above entitled and numbered cause pending in the District Court of Panola County, Texas, and at a regular term of said court, to wit, on the 18th day of October, 1966, the said Charles Spangler, et al., recovered a judgment against the said Hollie G. McClain, et al., for sum of $59,000.-00, from which judgment the said Hollie G. McClain and Belle Fulton, individually and as independent executrix of the Estate of Edwin M. Fulton, deceased, desire to take an appeal to the Court of Civil Appeals for the 6th Supreme Judicial District, sitting at Texarkana, Texas:"

Relevant to the $59,000.00 award, the judgment does not show its basis, whether in tort or contract, it merely shows Edward B. Lothrop, Robert F. Rosborough, Mrs. J. E. Powers, a widow, Mrs. Charles Spangler, Roy Nesbitt, W. M. Plaster, Travis Pugh, H. L. Padgitt, Lewis Chevallier, A. T. Farr, Jr., H. C. Havron, Robert E. Clark, Dan Littlejohn, Don E. Durham, A. D. Durham, and A. A. Morgan were awarded a recovery of $59,000.00 against Fulton and McClain; Charles Spangler is not named in the portion of the judgment pertaining to the award or elsewhere as a party to the award. The intent of the instrument is not clearly reflected by its language. If the scope of the Fulton and McClain appeal is limited to the adjudication made with respect to the $59,000.00 recovery, Curtis Hickey, R. H. Lee, Fred Whitaker and Lawrence L. McCrary are not parties to the appeal, as they are not parties to the recovery adjudication.

■ Having concluded that the judgment was entire and not made up of severable parts, with the exception previously mentioned, and that the appeal bond's language does not clearly limit the appeal, it is further concluded that the Fulton and McClain notice of appeal and appeal bond brought the entire judgment to this court for review. It has been authoritatively held that an appealing party desiring to limit an appeal to a part only of the underlying judgment must clearly and distinctly show an intention to do so. Barnsdall Oil Company v. Hubbard, 130 Tex. 476, 109 S.W.2d 960 (Tex.Com.App., op. adp. 1937); Connell Construction Company v. Phil Dor Plaza Corporation, 158 Tex. 262, 310 S.W. 2d 311 (1958); Dallas Electric Supply Co. v.

Branum Co., 143 Tex. 366, 185 S.W.2d 427 (Tex.Com.App., op. adp. 1945). This construction seems to agree with that made by the parties. The appellants Fulton and McClain have not suggested in their brief that they intended to limit the appeal, and the parties appearing in this court by brief and on motion for new trial proceed as though its scope encompasses them.

■ Should it develop in a new trial that some or all of the parties agree that disposition of the issues in the litigation can be made in harmony with the present judgment, the trial judge will be free to act upon agreements that are then made, but this court, in the present state of the record, cannot, with assurance determine that the adjudications made by the present judg-

ment are not dependent one upon the other, with the exception named. To render a take nothing judgment in favor of Fulton and McClain, or remand with instructions to the trial court to do so, as the motion for new trial urges would result in a judgment being entered disposing Fulton and Mc-Clain's rights without a trial and without them having an opportunity to be heard in the trial court. This court cannot proceed as urged. Orderly procedure requires that the original opinion be adhered to. The motion for new trial is overruled.