Robert A. SONE, Appellant,

v.

V. H. BRAUNIG, Appellee.

No. 7238.

Court of Civil Appeals of Texas, Beaumont.

June 17, 1971.

Rehearing Denied July 29, 1971.

Richard E. Kammerman, Austin, Robert A. Sone, Leakey, for appellant.

Morriss, Boatwright, Lewis & Davis, San Antonio, for appellee.

KEITH, Justice.

This appeal is from a judgment entered upon a jury verdict in a suit involving a disputed boundary between tracts owned by the parties. Appellant, plaintiff below, instituted suit in trespass to try title against the appellee, defendant below, alleging that he was the owner in fee simple of the easterly one-sixth of Survey No. 39, Block 3, T. W. N. G. Ry. Co. Survey in Real County, Texas, describing his premises by metes and bounds. Defendant answered with a disclaimer as to all of the lands described in plaintiff's petition except the portion thereof which was to the east of a fence which separated his tract from that of plaintiff.

Defendant also excepted from his disclaimer his claimed right of ingress and egress over plaintiff's lands to certain public roads adjacent thereto. Defendant pleaded not guilty as to all lands inside his fence and filed a cross-action in trespass to try title as to such inclosed lands.

The dispute was over the true location of the boundary between Survey No. 39 owned by plaintiff, and Survey No. 38 to the east thereof owned by the defendant. Plaintiff claimed under the five and ten-year statutes of limitation and defendant under the ten-year statute. The jury verdict was adverse to plaintiff upon his limitation claims and the jury rejected his loca-

tion of the boundary between the two surveys. The verdict was favorable to the defendant under his ten-year limitation claim as to the area enclosed by the fence and the jury found by its verdict that the boundary between the two parcels was in accordance with defendant's evidence. The court overruled plaintiff's motion for judgment non obstante veredicto; and, upon the basis of the jury verdict, fixed as the true boundary line that found by the jury. The court also, upon the basis of stipulations made during the trial, granted defendant the right of ingress and egress over plaintiff's lands. From the order overruling his motion for new trial, plaintiff prosecutes this appeal.

Defendant challenges the sufficiency of the points brought forward in plaintiff's brief upon the ground that the same do not comply with the rules governing appellate briefs. In City of San Antonio v. Guido Bros. Construction Co., 460 S.W.2d 155, 157–158 (TexCiv.App., Beaumont, 1970, error ref., n. r. e.), we had occasion to review the authorities governing such matters, and our comments need not be repeated. We consider plaintiff's points entitled to consideration under the rationale of Fambrough v. Wagley, 140 Tex. 577, 169 S.W. 2d 478, 482 (1943).

Before entering into a discussion of plaintiff's points, we note that he made no effort to prove title from the sovereign nor a superior title from a common source. His claim of title by limitation, under both the five and the ten-year statutes, was rejected by the jury; and, our examination of the record does not disclose that he relied upon the doctrine of prior possession— at least not to the extent that he requested an issue thereon. Justice Greenhill, in Land v. Turner, 377 S.W.2d 181, 183, 5 A.L.R.3d 364, 367 (Tex.Sup., 1964), set out the burden under which all plaintiffs labor in trespass to try title actions, saying:

"To recover in trespass to try title, the plaintiff must recover upon the strength of his own title. Hejl v. Wirth, 161 Tex. 609, 343 S.W.2d 226 (1961). He may re-

cover by (1) proving a regular chain of conveyances from the sovereign, (2) by proving a superior title out of a common source, (3) by proving title by limitations, or (4) by proving prior possession, and that the possession had not been abandoned."

■ Plaintiff contends, in his second point, that the court erred in entering judgment for the defendant that the true division line between Surveys 38 and 39 was that found by defendant's surveyor "because the evidence is insufficient to sustain such a finding." In passing upon the point, we will consider the evidence supporting the verdict along with all of the other evidence in the case, including that which is contrary thereto. In re King's Estate, 150 Tex. 662, 244 S.W.2d 660, 661 (1951).

Our discussion centers around two special issues submitted to the jury: no. 3, which the jury answered negatively, that the line described by plaintiff's surveyor, Koch, was the true boundary line between Surveys 38 and 39; and no. 6, which the jury answered affirmatively, that the line described by defendant's surveyor, Poerner, was the true boundary line between the two surveys.

■ Both of the witnesses were duly licensed and registered public land surveyors and their qualifications are not attacked. In the testimony, each detailed his work upon the ground in making his survey of the boundary, and each was subjected to cross-examination by counsel for the adverse party. Having reviewed the evidence, we are of the opinion that the answer to special issue no. 6 has adequate support in the evidence. Poerner went into great detail as to his efforts in locating the true line, all in accordance with recognized surveying practices, and his final calculation was accepted by the jury. Koch, on the other hand, also following recognized practices, was of a different opinion; and, we say in passing, that had his testimony been accepted by the triers of the facts, it would have supported an affirmative answer to

special issue no. 3. No useful purpose would be served by a lengthy summary of the evidence of these two witnesses. Plaintiff's point two is overruled.

■ In answer to special issue no. 5, the jury found that the defendant, and those under whom he claimed title, had peaceable and adverse possession of the lands "within the outside boundary fences of the V. H. Braunig ranch," cultivating, using or enjoying the same for ten consecutive years between 1950 [the date of deed to defendant's immediate predecessor in title] and the date of the filing of this suit in 1967. By his point three, plaintiff contends that the entry of judgment based thereon was erroneous in that there is "no evidence" to support the jury's answer. In passing upon this point, we consider only the evidence supporting the finding of the jury.

■ The defendant counters, and aptly so, that the point is really immaterial since plaintiff placed his title in issue and, having failed to establish it, the effect of a take nothing judgment was to vest title in the defendant. Hejl v. Wirth, 161 Tex. 609, 343 S.W.2d 226 (1961); Land v. Turner, supra, 377 S.W.2d at p. 183. Plaintiff, having failed to establish his title to the land, could not prevail in the action, since he "must recover upon the strength of his own title" and not upon the infirmities, if any, in that of the defendant. Hejl v. Wirth, supra. Defendant's position just noted is sound, but we will consider plaintiff's point three as presented because of its bearing on our discussion of plaintiff's point four, infra.

Plaintiff's complaint is based upon his contention that the finding rests, in part at least, upon the fact that a common tenant of the parties had possession of the disputed area during part of the prescriptive period; and, as plaintiff asserts, the tenant cannot make his possession adverse to his principal without repudiation of the tenancy; thus, defendant's possession was not adverse to him.

Our examination of the record support of the contention so advanced is hampered by the fact that plaintiff has not complied with the provisions of Rule 418(c)(i). Although factual statements are made in the brief, we do not find therein any "references to the pages in the record where the same may be found." Cf. Isenhower v. Bell, 365 S.W.2d 354, 358 (Tex. Sup.1963); Holzapfel v. Brueggman, 404 S.W.2d 916, 919 (Tex.Civ.App., Corpus Christi, 1966, error ref., n. r. e.). However, and notwithstanding this violation of the briefing rules, we have made an independent examination of the record involving the particular point.

■ The factual summary which plaintiff advances in his brief as supporting his argument under the third point is expressed in this manner:

"The record is clear and the evidence is uncontroverted as to the following: that L. C. Pendley leased Survey No. 39 from Appellant in January, 1951; that L. C. Pendley leased the adjoining survey, No. 38, from appellee and his predecessor in title in 1952; * * *"

We do not find such statement true to the record. Both leases were oral and Pendley, upon cross-examination by plaintiff's counsel, testified:

"Q  Did you make the lease with Mr. Sone on his property first or with Mr. Braunig?

"A  Mr. Braunig.

"Q  So you had the Braunig lease at the time you leased the place from Mr. Sone?

"A  Yes, sir.

"Q  And when would be your lease with Mr. Sone, when would be the beginning of it?

"A  1954."

Plaintiff himself was not too sure just when he entered into the lease with Pendley, saying in answer to a question by his counsel: "Well, it was sometime short-

ly before the first of the year 1951, or 1952."

We have no quarrel with the authorities cited by plaintiff in support of the general rule that a tenant cannot make his possession adverse to his principal without repudiation of his tenancy and see no reason to enter into an extended discussion of the authorities. Plaintiff's argument, lacking a factual basis, is found to be without merit and point three is overruled.

■ In his fourth point, plaintiff says that the trial court erred in entering judgment for defendant based upon adverse possession for the lands of Survey No. 39 east of the fence because "there is insufficient evidence" to sustain the jury's findings to special issues no. 5 [Braunig's ten-year limitation title] and no. 2 [finding against Sone's ten-year limitation title]. The point is clearly multifarious since the two issues inquired about different periods of time and the burden of proof was upon defendant in no. 5, while it was upon the plaintiff in no. 2. Nevertheless, as on the prior occasion, we will overlook the failure to comply with the briefing rules; but our review of the record does not indicate that the point has merit.

Under Pendley's testimony, he first leased all of the land inside of what is now defendant's pasture from R. H. Phillips just after Phillips acquired title to Survey No. 38 in 1950, and continued in possession of the premises under such lease arrangement with defendant up to the time of trial. He denied leasing any lands from plaintiff except those which were inside plaintiff's fence—which did not include the land involved in this point. Pendley claims that he did not even discuss leasing plaintiff's lands until January 1954, and that he gave up his lease with plaintiff in 1963.

Defendant testified that he entered into possession under his deed and "I am claiming everything in the fence line and, in addition, what the deed [to Survey No.

38] says." Being questioned by his own counsel, defendant said that at all times since he bought his ranch he had "claimed all of the lands inside of * * * [his] outside fences * * * regardless of what survey or what is the amount of acres" therein. When he purchased the land, he had been advised by his lawyer "to hang on to those fence lines and especially the corners. * * * That is very important." Defendant also testified that personally and through his tenant Pendley, he had been in continuous possession of the disputed area inside of the fence since he acquired the land in 1951. There was a small field in a part of the disputed area and it had been cultivated by Pendley who planted crops therein, although "They didn't always grow because the rain didn't come at the right place * * * [and] During that drought he got a little discouraged." Pendley also maintained the fences and defendant had bulldozed a jeep road on part of the disputed ground, the beginning point of which would be cut off if plaintiff prevailed.

On the other hand, we find no record support of any possession in the plaintiff, except that which he claims under Pendley, whose testimony on the subject we have reviewed earlier.

■ Clearly, there was some evidence in the record which supports the verdict of the jury in response to the two questions now under attack. It was within the province of the jury to resolve conflicts and inconsistencies in the testimony of any one witness as well as in the testimony of the different witnesses. Ford v. Panhandle & Santa Fe Ry. Co., 151 Tex. 538, 252 S.W.2d 561, 563 (1952); Great American Insurance Company v. Murray, 437 S.W.2d 264 (Tex.Sup., 1969). The point does not reflect error and is overruled. Garza v. Alviar, 395 S.W.2d 821, 823 (Tex.Sup., 1965).

■ In points six and seven, plaintiff complains of the refusal of two requested instructions, both of which related to ad-

verse possession. Requested instruction no. 3, forming the basis of point 6, was to the effect that where a landowner holding under a deed permits his livestock to cross the common boundary between his land and that of an adjoining landowner and casually graze thereon, such grazing does not of and in itself constitute actual and visible appropriation. The second of such requested instructions would have advised the jury, in substance, that where the character of the use of the inclosed land, by a claimant of adverse possession, is not such use as to constitute, of itself, an actual visible appropriation of the land, such use cannot be aided by a fence which casually created the inclosure, and to the construction of which neither the adverse claimant nor those under whom he claims has contributed.

Plaintiff relies, in a large measure, upon Orsborn v. Deep Rock Oil Corp., 153 Tex. 281, 267 S.W.2d 781, 785 (1954), but we do not read the case as supporting the plaintiff's position. The thrust of the argument is that "the mere casual grazing of animals" might lead the jury, in the absence of such an instruction, to believe that it "was a sufficient overt act to give Appellant notice that Appellee was claiming part of Survey No. 39."

Orsborn is explained in the very recent case of McDonnold v. Weinacht, 465 S.W. 2d 136 (Tex.Sup., 1971), in this manner:

"It is accordingly well settled that the *mere grazing* [not "casual grazing"] of land incidentally enclosed as a result of the construction of fences built for another purpose does not constitute possession that will ripen into title by limitation. The adverse claimant who relies upon grazing *only* as evidence of his adverse use and enjoyment must show as part of his case that the land in dispute was designedly enclosed. Orsborn v. Deep Rock Oil Corp., 153 Tex. 281, 267 S.W.2d 781; * * * [other citations omitted, emphasis supplied]."

We have serious doubts as to requested instruction no. 3 stating a sound principle of law under *McDonnold,* supra; but, aside from the legal sufficiency of either of such requested charges, a more serious question is presented. Each of such requested instructions was in the nature of a general charge in a case tried upon special issues. In another recent case, Chief Justice Calvert, in Pittsburg Coca-Cola Bottling Works v. Ponder, 443 S.W. 2d 546, 550 (Tex.Sup., 1969) in discussing an instruction accompanying two special issues, said:

"* * * the 'instruction' * * * constitutes a general charge on the law which is not only completely unnecessary to an understanding of the issues but is also repugnant to our special issue practice. Rule 277, Texas Rules of Civil Procedure, authorizes a special instruction only when it is necessary 'to enable the jury to properly pass upon and render a verdict on such issues.' Boaz v. White's Auto Stores, 141 Tex. 366, 172 S.W.2d 481 (1943). There was no such necessity here. See also Lindley v. Lindley, 384 S.W.2d 676 (Tex. Sup.1964)."

We adopt Chief Justice Calvert's comments as applicable to each instruction involved here; and, in so doing, overrule points six and seven.

■ In his point eight, plaintiff contends that it was error for the trial court to include in the judgment, an easement giving the defendant the right of ingress and egress to his lands across those 'of plaintiff. As noted earlier, this portion of the judgment is based upon a stipulation. The stipulation appears in our statement of facts which bears the certificate of the official court reporter. Plaintiff disputed the making of the stipulation and the court held a hearing thereon and, at the conclusion thereof, approved the statement of facts with the stipulation remaining therein. The judgment had theretofore been entered based upon the stipulation, and the court thereafter overruled the motion for new trial.

Plaintiff now contends that since his counsel did not remember making the stipulation, and he, himself, testified that his counsel had no authority to make any such stipulation, it is not binding upon him. The further contention is made that the stipulation was not reduced to writing, approved by the judge, and filed among the papers in the cause as provided in Rule 11, and is, therefore, not binding.

 The purpose of Rule 11 "is to remove from the 'fallibility of human recollection' agreements made by 'counsel in the course of judicial proceeding which affect the interests of their clients'." Mc-Clain v. Hickey, 418 S.W.2d 588, 590 (Tex.Civ.App., Texarkana, 1967, error ref., n. r. e.). We have examined the authorities cited by plaintiff and have made our own independent study of the matter and have found no case which holds that a trial court may not rely upon an agreement of counsel found in the statement of facts. We know, as a practical matter, that such a hard and fast rule as that sought by the plaintiff in this instance would result in intolerable delay in the trial of cases. Counsel should be able to rely upon admissions made by opposing parties in open court which are embodied in the court reporter's record of the trial. Such a course of action is a far cry from one of reliance upon the "fallibility of human recollection."

The preferable rule is one which accommodates the requirements of Rule 11 to the practical necessities of trial practice. Such can be done simply by confining Rule 11 to its proper sphere—to agreements made before the commencement of the actual trial and at a time when the court reporter is not in attendance, or to negotiations made outside of the presence of the court and the reporter and not embodied in the official record. Such cases as McClain v. Hickey, supra, and Thompson v. Kirkland, 422 S.W.2d 258, 260 (Tex. Civ.App., Texarkana, 1967, no writ), both cited by plaintiff, fall into this category.

The long-established trial practice in the state has been for the trial court to honor agreements made in open court and finding support in the court reporter's statement of facts. All trial lawyers are familiar with the practice of eliminating as many undisputed questions as possible from the trial of every case. In so doing, many such stipulations may be made from time to time during the trial of the case, the only record of which is that found in the notes of the court reporter. A slavish adherence to Rule 11 with an adjournment to write up the agreement and present it to the trial judge for approval, followed by a filing of the instrument with the clerk, would result in intolerable delay. We do not believe that our rules so require. See generally in this connection: Hartman v. Crain, 398 S.W.2d 387, 391 (Tex.Civ.App., Houston, 1966, no writ); Westridge Villa Apts. v. Lakewood Bank & Trust Co., 438 S.W.2d 891, 894 (Tex. Civ.App., Fort Worth, 1969, error ref., n. r. e.). Point eight is overruled.

We have examined the remaining points brought forward by the plaintiff and fail to find reversible error presented thereby. Rule 434. The judgment of the trial court is, therefore, affirmed.