*Henderson v. Dugger,* 925 F.2d 1309, 1315–16 (11th Cir.1991).

Furthermore, the record does not indicate any reason why Dr. Martinez was neither requested nor subpoenaed to testify. We are unaware of any prohibitive reason which would have prevented Appellant from simply issuing his own subpoena to compel Martinez's presence along with Heynen's. *See* Tex.Code Crim.Proc.Ann. art. 24.03 (Vernon 1989). This would have enabled Appellant to put on direct evidence from Martinez's diagnosis which appears to contradict Heynen's. While presentation of such evidence would have likely bolstered Appellant's position, accomplishing this feat did not require the appointment of an additional expert since Martinez was already one of those previously appointed.

We find that the trial court properly appointed the disinterested experts and admittedly allowed sufficient time for Appellant to interview the one expert subpoenaed to testify. During the time provided, Appellant could have inquired into any matter of medical importance which he did not understand. It is firmly established that Appellant is not entitled to "appointment of an expert who would reach a conclusion favorable to the defendant...." *Martin v. Wainwright,* 770 F.2d 918, 935 (11th Cir. 1985), *cert. denied,* 479 U.S. 909, 107 S.Ct. 307, 93 L.Ed.2d 281 (1986); *Granviel,* 881 F.2d at 192.[2] While Appellant claims that he is only seeking appointment of an adversarial expert, he fails to recognize that the trial court had done so, and one of the court's disinterested experts did in fact possess opinions supportive of his position. However, nothing in the record affirmatively shows Appellant issued or requested issuance of process to compel attendance of Dr. Martinez who had been previously instructed by the court that the evaluation of Appellant might be the subject of testimony in court. Consequently, the trial court did not err in overruling Appellant's motion for appointment of an additional expert.

As a result, we conclude that Appellant was not deprived of either due process, equal protection, effective assistance of counsel or compulsory process of witnesses.[3] Accordingly, we overrule each of Appellant's points of error and affirm the judgment of the trial court.

The CITY OF BEAUMONT, Appellant,

v.

BAYTOWN CONSTRUCTION
COMPANY, INC.,
Appellee.

No. 09–91–013 CV.

Court of Appeals of Texas,
Beaumont.

Feb. 13, 1992.

---

Bruce Cobb, Asst. City Atty., Beaumont, for appellant.

Kerwin Stone, Moore, Landrey, Garth & Jones, Beaumont, for appellee.

Before WALKER, C.J., and BROOKSHIRE and BURGESS, JJ.

## OPINION

WALKER, Chief Justice.

The dispute here involves prior litigation. The original lawsuit was commenced in the 136th District Court, Jefferson County, Texas, Cause No. D–121,381. Judgment was entered and appeal was taken to this Court whereby the trial court judgment was affirmed.

The previous litigation in D–121,381 was styled, *Baytown Construction Company, Inc. and Minority Associates Contracting Organization, Inc. v. The City of Beaumont, Texas.* That suit was to recover damages for extra work, extra costs of additional materials and for unpaid retainage with respect to construction of a sanitary landfill.

Evidence of the amount of retainage withheld by the City of Beaumont was presented at this previous trial, however, that question was not decided by the jury.

Appellee says that the question was not presented to the jury due to an oral agreement between counsel that the City of Beaumont would pay the retainage, thus, the court did not submit the question to the jury. Appellant, City of Beaumont, denies any such agreement which resulted in this second lawsuit and this appeal.

The present suit was for recovery of the retainage on theories of breach of contract and fraud for failure to honor the alleged oral agreement to pay such retainage.

Appellant is now contending that appellee's claim for retainage is precluded by res judicata, merger and bar.

The present case was tried before a jury. After verdict, appellee moved for judgment notwithstanding the findings of the jury to Question No. 2A and Question No. 4. The trial court denied appellee's request as to Question No. 2A which related to attorney's fees through trial. However, the trial court granted appellee's Motion for Judgment Non Obstante Veredicto on Question No. 4 finding that the jury's answer had no evidence of probative force to sustain the answer of $4,200.00 as actual damages for fraud.

Appellant brings twenty points of error, however, we shall only address points one, two and six.

Points one and two complain of trial court error in instructing the jury to find for appellee with respect to jury Question No. 1 and further error in overruling appellant's Motion for Judgment Non Obstante Veredicto. Simply stated, appellant says that appellee's recovery of retainage is precluded as a matter of law because the retainage issue was tried in Cause No. D–121,381.

■ Appellant admits in its brief that during the first trial, evidence was presented by appellee on the retainage amount and that such evidence came in without objection from appellant. There was no evidence presented by appellant to the contrary or as rebuttal to the evidence presented by appellee on the retainage issue.

Taking appellant's position literally, we must assume that at the conclusion of all the evidence in the first trial, appellee proved as a matter of law its claim to the retainage. Obviously we query, "why would appellee suddenly withdraw its claim for retainage when such claim had been proved as a matter of law?"

Appellant now contends that this Appellate Court should apply the doctrines of res judicata, merger and bar and hold that appellee's contractual claims are barred.

### RES JUDICATA

A judgment rendered in a previous suit between parties to a second suit may be pleaded as res judicata in the second suit when the first suit was based on the same claim or demand as the second; res judicata is a complete bar to the second suit.

### MERGER AND BAR

The doctrine of bar is often considered identical to the doctrine of merger. When a prior judgment is offered in a subsequent suit in which there is identity of parties, issues, and subject matter, such judgment is treated as an absolute bar to retrial of claims pertaining to the same course of action on the theory that they have merged into the judgment.

48 Tex.Jur.3d *Judgments* § 408 (1986).

We believe these principles or doctrines to be applicable to this case. As appellant asserts in its brief, it is the alleged agreement by appellant's attorney in the first lawsuit which forms the basis of this lawsuit. The lawsuit before us is a suit against the City of Beaumont primarily for fraud and wrongful actions committed knowingly, intentionally and maliciously and with reckless disregard for plaintiff's rights. Certainly the basis of the claim of fraud originated in the prior suit; however, by no stretch of the imagination could res judicata, merger and bar apply simply because the first suit generated the present action.

The only question presented to the jury in the present case relating to the first suit was jury Question No. 1 which inquired as to the amount of money appellant was obligated to pay appellee as retainage, to which the jury answered $27,479.38. Even though justice seems to dictate otherwise because of the nature and result of this case, we are obliged under the law to afford appellant the hyper-technical advantage of the doctrine of res judicata by holding that the issue of retainage was tried in the first suit, unrebutted by appellant, but not submitted to the jury because of fraud subsequently found committed by the appellant. Appellee does not raise the question of whether one may rely on res judicata where such reliance emanates out of and is based on one's own fraud. Since appellee has not raised the question, we give no address. Applying res judicata in its most sterile form, we find that the trial court erred in submitting jury Question No. 1 in that the issue of retainage was litigated in the prior suit regardless of the fraud of appellant, such issue being merged into the judgment of the trial court in Cause No. D–121,381. Appellee is now barred from recovery upon that issue in this second litigation. Points of error one and two are sustained.

Now to that very perplexing point of error six which contends trial court error in

overruling appellant's Motion for Judgment Non Obstante Veredicto as to all of appellee's contract and fraud claims since those claims are precluded by TEX.R.CIV.P. 11 which reads:

> **Agreements** to be in writing. Unless otherwise provided in these rules, no agreement between attorneys or parties touching any suit pending will be enforced unless it be in writing, signed and filed with the papers as part of the record, or unless it be made in open court and entered of record.

■ The uniqueness of the question raised by this point of error requires application of *Kennedy v. Hyde*, 682 S.W.2d 525 (Tex.1984). The question in that case was whether Rule 11 bars enforcement of a disputed oral settlement agreement. It did. Unlike our case, the *Kennedy* facts involved matters transpiring before trial. Our facts generate during the heat of trial. Appellee states that during the trial in Cause No. D–121,381, Paul Higgins, Assistant Attorney for the appellant, City of Beaumont, approached Mr. Kerwin Stone, attorney for the plaintiff in that suit, stating that the City of Beaumont was not disputing that it owed the retainage. According to appellee, Mr. Higgins specifically requested that plaintiff withdraw the retainage issue from the jury consideration and the City of Beaumont would pay the retainage following the conclusion of the other claims against the City by plaintiff. Those other claims were then pending in D–121,381. The trial judge noted on the requested issue that the issue was "submitted as reformed." The issue was reformed to delete the element of retainage.

The jury believed appellee's story and found that the City of Beaumont defrauded appellee, further finding that appellee was entitled to punitive damages.

■ At first glance, such appears just under the facts tried, however we are compelled to look beyond the jury's basis for its finding for fraud. The record clearly supports a jury finding that the City of Beaumont, through its attorney, induced appellee to withdraw the retainage issue by fraud. But, the question is, did appellant fraudulently induce appellee not to comply with Rule 11? Nothing in the record would support such a finding, nor was the jury asked to do so. The fraud, if any, must relate to and emanate from some action by appellant which caused appellee to disregard Rule 11. More succinctly, it was appellant's fraud that *prevented* appellee from making a record of the agreement to withdraw the retainage question from consideration. There is nothing in the record which would support a finding that appellant's fraud prevented appellee from recording the agreement, moving for a directed verdict and including the recovery of retainage in the judgment.

Because of the jury's findings in this case, we have desperately attempted to avoid "slavish adherence" to the literal language of Rule 11. *See Sone v. Braunig*, 469 S.W.2d 605, 611 (Tex.Civ.App.—Beaumont 1971, writ ref'd n.r.e.).

We have even sought refuge in those exceptions recognized in *Kennedy, supra*, 682 S.W.2d 525 at 529, however, to no avail.

It is clear that appellant defrauded appellee, but its fraud was one step removed from that necessary to disarm the effect of Rule 11. We hold that the trial court erred in failing to grant appellant's Motion for Judgment Notwithstanding the Verdict in that appellee's contract and fraud claims were precluded by TEX.R.CIV.P. 11, therefore, we sustain point of error number six.

Because of our holding on points of error one, two and six, we are left with no choice but to reverse and render judgment in favor of appellant and that appellee take nothing.

REVERSED AND RENDERED.