COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS



|  |  |
|---|---|
| § | No. 08-14-00173-CV |
| § | |
| IN THE MATTER OF THE GUARDIANSHIP OF MARJORIE J. VIRGIL, AN INCAPACITATED PERSON. § | Appeal from |
| § | Probate Court No. 1 |
| § | of El Paso County, Texas |
| § | (TC # 2009-G00166) |
| § | |

**O P I N I O N**

This is an appeal form a summary judgment declaring a real estate transaction null and void. The property was owned by Marjorie J. Virgil until she deeded it to one of her daughters, Mary Jean Whipple. A dispute arose between Whipple and her sister, Juanita Hoss, during guardianship proceedings. For the reasons that follow, we affirm.

**FACTUAL SUMMARY**

On January 29, 2008, Virgil executed a special warranty deed conveying her home in El Paso to Whipple.[1] Hoss later filed an application for appointment of a temporary guardian of the person and estate of her mother on October 16, 2009. Dr. Cynthia D. Rivera performed Virgil's first mental examination and declared her incapable of managing both her person and

---

[1] Whipple was convicted of murdering her seventy-one-year-old business partner, Art Loustaunau, by shooting him in the chest with a firearm on August 7, 2003. *See Whipple v. State*, 281 S.W.3d 482 (Tex.App.--El Paso 2008, pet. ref'd). A jury assessed her punishment at imprisonment for ninety-nine years. *Id.* We affirmed her conviction.

her estate and subsequently recommended a full guardianship be implemented. The probate court issued a temporary order appointing LULAC Project Amistad as temporary guardian of both her person and estate. After several hearings, the probate court ultimately appointed Hoss as the permanent guardian of the person and Max Higgs as the permanent guardian of the estate.

On January 23, 2010, Whipple wrote a letter to Virgil's court appointed attorney ad litem, Ruben Nunez. In her letter, she unconditionally stated that if her mother asked for her house back at any time, she would re-convey the property, indicating, "[i]t's hers." David Lopez, who held Whipple's power of attorney due to her incarceration, also wrote a letter to Nunez dated February 17, 2010. In his letter, Lopez acknowledged the agreement between Virgil and Whipple. He specifically stated that Virgil "was always in full control of the assets of her home, and that she could ask for it back at any time she wished, and [Whipple] would gladly comply, especially if [Virgil] were to need it someday for its financial worth to support her in her golden years, should the need arise." Following a hearing on April 29, 2010, the probate court ordered Lopez to execute a warranty deed to Virgil. Lopez refused to do so. At another hearing on October 22, 2012, Whipple agreed to return the house to her mother. The parties apparently stipulate that this was a Rule 11 Agreement as Whipple affirmatively agreed in open court on the record.

On December 7, 2012, Higgs filed his first amended original petition for declaratory judgment to have the special warranty deed between Whipple and her mother declared invalid. In it, he asserted a breach of the Rule 11 Agreement, arguing that Whipple entered into the agreement on the record before the probate court, while represented by counsel, and unequivocally agreed to give her mother the property back. She breached the agreement because she refused to sign a deed as ordered by the probate court.

2

On January 8, 2013, Higgs subsequently filed a no-evidence motion for summary judgment regarding breach of the agreement. Following a hearing, the probate court granted summary judgment. On February 11, 2014, the court signed its final summary judgment order declaring the original property conveyance between Whipple and Virgil dated January 29, 2008, null and void. This appeal follows.

## PROPRIETY OF SUMMARY JUDGMENT

In Issue One, Whipple complains that the probate court erred in granting the no-evidence summary judgment motion because: (1) there was coercion on the part of the court; (2) there was a material fact issue; (3) the breach of contract in and of itself involves a question of fact; (4) elements for creating a contract never existed; and (5) a motion for summary judgment was premature because there was not adequate time allowed for discovery.

### Standard of Review

When reviewing a no-evidence summary judgment on appeal, we "review the evidence presented by the motion and response in the light most favorable to the party against whom the summary judgment was rendered, crediting evidence favorable to that party if reasonable jurors could, and disregarding contrary evidence unless reasonable jurors could not." *Mack Trucks, Inc. v. Tamez*, 206 S.W.3d 572, 582 (Tex. 2006).

Under Texas Rules of Civil Procedure 166a(i), a litigant may file a motion for summary judgment seeking dismissal of all or part of a lawsuit if there is no evidence to support at least one of the elements of the adverse party's claim or defense. TEX.R.CIV.P. 166a(i); *Western Investments, Inc. v. Urena*, 162 S.W.3d 547, 550 (Tex. 2005). However, it is inappropriate to file a Rule 166a(i) motion until there has been adequate time for discovery. TEX.R.CIV.P. 166a(i).

3

Moreover, a Rule 166a(i) motion must specifically set forth the elements of the adverse party's claim or defense for which there is no evidence. *Id.* The motion cannot be conclusory or generally allege that there is no evidence to support the claims. *Keszler v. Mem'l Med. Ctr. of E. Tex.*, 105 S.W.3d 122, 127-28 (Tex.App.--Corpus Christi 2003, no pet.). With the filing of the motion, the burden shifts to the non-movant, who must present "more than a scintilla of probative evidence to raise a genuine issue of material fact." *Forbes Inc. v. Granada Biosciences*, *Inc.*, 124 S.W.3d 167, 172 (Tex. 2003); *Holmstrom v. Lee*, 26 S.W.3d 526, 530 (Tex.App.--Austin 2000, no pet.). The non-movant must come forward with evidence that would qualify as "summary judgment evidence," which is evidence that meets the technical requirements for summary judgment proof. TEX.R.CIV.P. 166a(i); *Llopa, Inc. v. Nagel*, 956 S.W.2d 82, 87 (Tex.App.--San Antonio 1997, writ denied). The non-movant may respond with deposition excerpts, affidavits, the opponent's answers to interrogatories and requests for admissions, stipulations, certified public records, authenticated documents, and/or other evidence that cases hold is proper summary judgment evidence. *Id.* A response that merely asserts that depositions on file and other exhibits "effectively illustrate the presence of contested material fact[s]" will not preclude summary judgment. *I.P. Farms v. Exxon Pipeline Co.*, 646 S.W.2d 544, 545 (Tex.App.--Houston [1st Dist.] 1982, no writ)(quoting the defendant's response to the motion for summary judgment). Under the Rule, if the non-movant fails to provide enough evidence, the trial court must grant the motion. *Wyndham Int'l, Inc. v. Ace Am. Ins. Co.*, 186 S.W.3d 682, 686 (Tex.App.--Dallas 2006, no pet.).

"[A] no-evidence summary judgment is essentially a pretrial directed verdict," and the same legal sufficiency or no-evidence standard is applied. *Wyndam Int'l*, 186 S.W.3d at 686; *King Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 750-51 (Tex. 2003); *Haas v. George*, 71 S.W.3d

4

904, 911 (Tex.App.--Texarkana 2002, no pet.). The trial court should grant a summary judgment, sustaining a no-evidence point, when: (a) there is a complete absence of a vital fact, (b) the court is barred by the rules of law or of evidence from giving weight to the only evidence offered to prove a vital fact, (c) the evidence offered to prove a vital fact is no more than a mere scintilla, or (d) the evidence conclusively establishes the opposite of a vital fact. *Forbes Inc.*, 124 S.W.3d at 172 (more than a scintilla of evidence is found when the evidence would allow a "reasonable and fair-minded people to differ in their conclusions"); *Burroughs Wellcome Co. v. Crye*, 907 S.W.2d 497, 499 (Tex. 1995).

## RULE 11 AGREEMENTS

"[N]o agreement between attorneys or parties touching any suit pending will be enforced unless it be in writing, signed, and filed with the papers as part of the record, or unless it be made in open court and entered of record." TEX.R.CIV.P. 11. The Texas Supreme Court has explained that Rule 11 should not be interpreted as requiring "slavish adherence" to the literal language of the rule in all cases. *Kennedy v. Hyde*, 682 S.W.2d 525, 529 (Tex. 1984), *citing Sone v. Braunig*, 469 S.W.2d 605, 611 (Tex.Civ.App.--Beaumont 1971, writ ref'd n.r.e). For example, an undisputed stipulation may be given effect despite literal noncompliance with the rule. *Id.*, *citing Thomas v. Smith*, 60 S.W.2d 514, 516 (Tex.Civ.App.--Texarkana 1933, writ dism'd). The Texas Supreme Court interprets the requirements of Rule 11 quite liberally to conform to modern trial practice. *City of Houston v. Clear Creek Basin Authority*, 589 S.W.2d 671 (Tex. 1979).

Throughout the trial court proceedings, and now, Whipple relies on *Padilla v. LaFrance*, 907 S.W.2d 454, 461 (Tex. 1995), for the proposition that she withdrew her consent to the agreement prior to the probate court entering its judgment. But Whipple, like the LaFrances, confuses the requirements for an agreed judgment with those for an enforceable Rule 11

5

agreement. *Id.* Although a court cannot render a valid agreed judgment absent consent at the time it is rendered, this in no way precludes the court, after proper notice and hearing, from enforcing an agreement complying with Rule 11 even though one side no longer consents. *Id.* The judgment in the latter case is not an agreed judgment, but rather is a judgment enforcing a binding contract. *Id.* In other words, a party's decision to withdraw consent does not render the agreement itself invalid.

Moreover, where consent is withdrawn, as Whipple claims she did here, an action to enforce an agreement must be based on proper pleading and proof. *Quintero v. Jim Walter Homes, Inc.*, 654 S.W.2d 442, 444 (Tex. 1983); *Browning v. Holloway*, 620 S.W.2d 611, 615 (Tex.App.--Dallas 1981, writ ref'd n.r.e.). Whipple appears to argue that the probate court should not have granted the no-evidence summary judgment motion because her withdrawal of consent and refusal to re-convey the property back to her mother created a fact issue. We disagree inasmuch as the summary judgment evidence established an enforceable agreement as a matter of law. In response to the no-evidence motion for summary judgment, Whipple attached (1) the 2008 special warranty deed; (2) Higgs' first amended original petition for declaratory judgment asserting breach of the Rule 11 Agreement; and (3) her written discovery requests served on Higgs, the guardian of the estate; Nunez, the attorney ad litem; and Hoss, the guardian of the person. She wholly failed to present any evidence establishing a genuine issue of material fact. Whipple raises coercion and duress within her argument. We agree with Higgs and Hoss that Whipple failed to plead any affirmative defenses and the probate court never ruled on the matter. Even had she done so, her argument is without merit. She relies entirely on the transcript of the October 22, 2012 hearing as evidence that a fact issue was created as to whether or not she was under "duress and stress." To the contrary, the record presents no such evidence.

Rather, it reflects Whipple's argumentative and aggressive nature, as she constantly interrupted the court during the hearing. The court even reprimanded her for the interruptions.

Finally, Whipple complains that summary judgment was improper because she did not receive adequate time for discovery. She claims it is obvious that from the date the no-evidence motion for summary judgment was filed to the date it was granted, there was not adequate time to conduct discovery and present a viable defense.

Whether a non-movant has had adequate time for discovery under Rule 166a(i) is case specific. *McClure v. Attebury*, 20 S.W.3d 722, 729 (Tex.App.--Amarillo 1999, no pet.). In determining whether adequate time for discovery has passed, we examine: (1) the nature of the case; (2) the nature of evidence necessary to controvert the no-evidence motion; (3) the length of time the case was active; (4) the amount of time the no-evidence motion had been on filed; (5) whether the movant had requested stricter deadlines for discovery; (6) the amount of discovery already taken place; and (7) whether the discovery deadlines in place were specific or vague. *Martinez v. City of San Antonio*, 40 S.W.3d 587, 591 (Tex.App.--San Antonio 2001, pet. denied); *Specialty Retailers, Inc. v. Fuqua*, 29 S.W.3d 140, 145 (Tex.App.--Houston [14th Dist.] 2000, pet.filed); *Dickson Constr., Inc. v. Fidelity & Deposit Co. of Md.*, 5 S.W.3d 353, 356 (Tex.App.--Texarkana 1999, pet. denied). Our review of a trial court's determination that there has been an adequate time for discovery is governed by an abuse of discretion standard. *Specialty Retailers*, 29 S.W.3d at 145.

This case originated in 2009. By our calculations, this case was pending for over three years at the time the motion was filed, and the motion had been on file for twenty-one days before it was granted. The rules do not mandate a minimum period of time a case must be pending before a motion may be filed, as long as there was adequate time for discovery. *See*

7

TEX.R.CIV.P. 166a(i). Several cases have held that a case pending for a period of time as little as seven months provided an adequate time for discovery. *See McClure*, 20 S.W.3d at 729-30 (case on file for seven months before no-evidence motion filed); *Restaurant Teams Intern., Inc. v. MG Securities Corp.*, 95 S.W.3d 336, 340 (Tex.App.--Dallas 2002, no pet.)(case also on file for seven months at the time the motion was filed, and the motion had been on file for twenty-six days before it was granted). Surely, Whipple had adequate time for discovery over the course of the four total years this case was pending and the twenty-one days before the court granted the motion. In light of the nature of the case and Whipple's failure to controvert the motion, we cannot say the probate court abused its discretion in determining that adequate time for discovery had passed at the time the summary judgment was granted. Finding no error in the granting of summary judgment, we overrule Issue One.

## WAS THE 2008 DEED NULL AND VOID AND WAS ERROR PRESERVED?

In her second issue, Whipple contends that the probate court abused its discretion in ruling that the January 29, 2008 deed was null and void. In her fourth point of error, she argues that in the event this case is remanded, the guardian of the estate, Max Higgs, waived his argument that Virgil was incompetent at the time she executed the special warranty deed. Because Whipple has failed to cite any relevant authority to support her arguments, we will address these two issues together.

Texas Rule of Appellate Procedure 38 provides that a brief to this Court shall contain, among other things, a concise, non-argumentative statement of the facts of the case, supported by record references, and a clear and concise argument for the contention made with appropriate citations to authorities and the record. TEX.R.APP.P. 38.1(f), (h). Failure to cite any authority constitutes a waiver of the alleged error. *Kang v. Hyundai Corp. (U.S.A.)*, 992 S.W.2d 499, 503

8

(Tex.App.--Dallas 1999, no pet.); *See Bowles v. Clipp*, 920 S.W.2d 752, 761 (Tex.App.--Dallas 1996, writ denied). Because Whipple failed to provide us with any legal authorities to lend support to her second and fourth issues, we conclude she has failed to preserve her issues for our review.

In any event, they are without merit. As previously discussed, the probate court granted the no-evidence summary judgment motion, ruling that a valid Rule 11 agreement existed because of Whipple's statements made in open court on the record at the October 22, 2012 hearing, which were entirely consistent with her 2010 letter to Nunez, the attorney ad litem, unequivocally declaring that she would give the property back to her mother, Virgil. No other issues were before the probate court at the no-evidence summary judgment hearing. We overrule Issues Two and Four.

### FAILURE TO FILE FINDINGS OF FACT AND CONCLUSIONS OF LAW

In her third issue, Whipple complains that the probate court erred because it failed to issue findings of fact and conclusions of law. She claims harmful error because she was not given proper notice as to the court's legal basis for making its findings on the summary judgment ruling. We disagree.

"[F]indings of fact and conclusions of law have no place in a summary judgment proceeding." *Linwood v. NCNB Texas*, 885 S.W.2d 102, 103 (Tex. 1994). The reason is that for summary judgment to be rendered, there cannot be a "genuine issue as to any material fact," TEX.R.CIV.P. 166a(c), and the legal grounds are confined to those stated in the motion and response. *Stiles v. Resolution Trust Corp.*, 867 S.W.2d 24, 26 (Tex. 1993). In other words, if summary judgment is proper, there are no facts for the court to find, and the legal conclusions have previously been stated in the motion and response. *IKB Industries (Nigeria) Ltd. v. Pro-*

9

*Line Corp.*, 938 S.W.2d 440, 441 (Tex. 1997). Accordingly, the trial court should not make, and we cannot consider, findings of fact in connection with a summary judgment ruling. *Id.* We overrule Issue Three and affirm the judgment of the trial court below.


April 27, 2016

ANN CRAWFORD McCLURE, Chief Justice

Before McClure, C.J., Hughes, J, and Barajas, C.J. (Senior Judge)
Barajas, C.J., (Senior Judge), sitting by assignment